CMM:LS
F. #2024R00485

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     -against-                        STIPULATION & PROTECTIVE ORDER

JACOB ISRAEL WALDEN,            No. 24-CR-521 (GRB)

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

          IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and

ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

          1.       All material and information disclosed or produced pursuant to Rule 16 of

the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady

v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the

defendant JACOB ISRAEL WALDEN (the "Defendant"), and to the defendant's counsel

("Defense Counsel"), by the government in the above-captioned case (hereinafter, the "Discovery

Materials") shall be governed by this protective order (the "Protective Order").

          2.       Discovery Materials, however designated, and any and all copies, notes,

transcripts, documents and other information and materials derived or prepared from the Discovery

Materials, may be used by the Defendant, Defense Counsel and Defense Staff (which is defined

as non-lawyer staff employed by Defense Counsel, as well as expert witnesses, investigators and

interpreters retained by Defense Counsel) only for the purposes of defending against the charges

in the above-captioned case, including but not limited to preparation for trial and any sentencing,

1

appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

3.     Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated or discussed by the Defendant, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

4.     None of the Discovery Materials nor any copies, notes, transcripts, or documents derived from the Discovery Materials, shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

5.     If the Defendant obtains substitute counsel, the Defendant, Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs this Protective Order, and provides a signed copy to the government. Once substitute counsel has provided a signed copy to the government, and following Defense Counsel's withdrawal from the above-captioned case, substitute counsel shall assume Defense Counsel's responsibilities under the Protective Order.

6.     The Defendant may review Discovery Materials specifically identified by the government as sensitive discovery material (the "Sensitive Discovery Material") only in the presence of Defense Counsel or Defense Staff.  The Defendant is prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes,

transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

7. The Defendant, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

8. Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government that such materials contain: personally identifying information ("PII") for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order. If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, the Defendant may provide notice to the government and a reasoned explanation regarding why the Defendant does not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Sensitive Discovery Material. The Defendant shall treat the material as Sensitive Discovery Material pending any determination by the Court. Defense counsel may petition the Court at any time to challenge the government's designation of material as "Sensitive Discovery Material."

9. If Defense Counsel chooses to share the Sensitive Discovery Material with the Defendant, a witness and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence of Defense Counsel or Defense Staff.

10.     All Discovery Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") may be reviewed only by Defense Counsel and Defense Staff. Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the Defendant. Attorneys' Eyes Only Material may be shared with the Defendant under the constraints applicable to Sensitive Discovery Materials two weeks before trial. If the government and Defense Counsel are not able to reach agreement on the sharing of Attorneys' Eyes Only Materials, the government and Defense Counsel may seek intervention from the Court.

11.     Attorneys' Eyes Only Material shall be treated as if it had been designated as Sensitive Discovery Material with the additional limitations discussed in paragraph 10 above.

12.     Prior to the Sensitive Discovery Materials or Attorneys' Eyes Only Materials being disclosed or disseminated to Defense Staff, Defense Staff must be advised of and agree to be bound by the terms of this Stipulation and Order.

13.     Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government that designation as Sensitive Discovery Material provides insufficient protection to such materials. If the government and Defense Counsel do not agree that certain material should be designated as Attorneys' Eyes Only Material, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Attorneys' Eyes Only Material. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Attorneys' Eyes Only Material. Defense counsel may petition the Court at any time to challenge

the government's designation of material as "Attorneys' Eyes Only Material." Defense Counsel shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

14.     Any documents, material, or information determined to be Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY" on the document or by otherwise indicating to Defense Counsel the appropriate designation of the material or information. While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains SENSITIVE or SENSITIVE-ATTORNEYS' EYES ONLY material.

15.     The Defendant and Defense Counsel will return to the government the Discovery Materials, the Sensitive Discovery Material and the Attorneys' Eyes Only Material and all copies thereof, whether in the possession of the Defendant, Defense Counsel, Defense Staff or any other signatory to this Protective Order, when the Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

16. Nothing in this Protective Order shall preclude the government or the Defendant from seeking a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials.

17. Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

18. In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

19. Any violation of this Stipulation and Order (a) will require the immediate return to the Government of the Discovery Material, and (b) may result in contempt of Court.

20.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:     Brooklyn, New York
           January 23, 2025


                                        JOHN J. DURHAM
                                        United States Attorney
                                        Eastern District of New York


_____               By: _Leonid Sandlar_____
Benjamin Brafman, Esq.                       Leonid Sandlar
Counsel for Defendant                        Trial Attorney
Jacob Israel Walden

_____
Saul Bienenfeld
Co-counsel for Defendant
Jacob Israel Walden


SO ORDERED.


Date: January __, 2025


_____
THE HONORABLE GARY R. BROWN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK