

May 19, 2025

BY ECF

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: United States v. Jacob Walden, 24 CR 521 (GRB)

**RENEWED APPLICATION FOR RELEASE ON BAIL OR, IN THE ALTERNATIVE, TEMPORARY RELEASE PURSUANT TO 18 U.S.C. §3142(i)**

Dear Judge Brown:

Defense counsel respectfully submits this renewed application for pretrial release of Defendant Jacob Walden pursuant to 18 U.S.C. § 3142, or in the alternative, for a temporary release under § 3142(i).

I. Change in Circumstances Warranting Bail
Since the Court's prior bail determination, there has been a material change in circumstances that merits reconsideration of Mr. Walden's detention. Discovery is now substantially complete, and it is abundantly clear from the discovery that the entirety of the evidence has been obtained from the warrantless search and seizure of Mr. Walden's cellphone, or the poisonous fruit that followed.  That search was conducted without Miranda warnings, probable cause, or valid consent, under circumstances that strongly support a finding that the search was unconstitutional and the evidence must be suppressed.

The defense has already moved to suppress that evidence, and we submit that the likelihood of suppression is now significant. Should suppression be granted, the Government's ability to proceed to trial will be severely impaired, if not entirely foreclosed. The reduced weight of the Government's evidence, in light of these developments, substantially alters the balance of factors under the Bail Reform Act. Accordingly, Mr. Walden respectfully renews his application for release on conditions that the Court deems appropriate, including home detention and electronic monitoring.

**BIENENFELD LAW**

Admitted New York and Florida

680 Central Avenue
Suite 108
Cedarhurst, NY  11516

saul@bienenfeldlaw.com
212-363-7701
www.bienenfeldlaw.com



II. Request for Temporary Release Under 18 U.S.C. § 3142(i)

In the alternative, Mr. Walden respectfully requests temporary release under §3142(i) from June 13 to June 15, 2025, to attend his first born son's upcoming bar mitzvah. The ceremony and associated events represent a once-in-a-lifetime occasion in the religious and familial life of Mr. Walden and his son. After his arrest and prior to indictment, the Walden family was concerned about planning the Bar Mitzvah and discussed this with counsel who obtained verbal consent from both Pre Trial Services and the AUSA that when the times comes to formally request from the court that Mr. Walden attend his son's bar mitzvah that they would likely consent. Mr. Walden is prepared to comply with any security measures the Court may require, including pre-approved travel arrangements, GPS monitoring, and the presence of a third-party custodian.

III. Conclusion

In light of the significant change in circumstances, the near-completion of discovery, the strong likelihood that key evidence will be suppressed, and the reduced risk profile Mr. Walden respectfully requests that the Court reconsider its detention order and grant pretrial release. Alternatively, we request a narrowly tailored furlough under §3142(i) so that Mr. Walden may attend his son's bar mitzvah.

We thank the Court for its consideration.

Respectfully Submitted,


Saul Bienenfeld