LAW OFFICES OF
# JEFFREY LICHTMAN
441 LEXINGTON AVENUE
SUITE 504
NEW YORK, NEW YORK 10017
www.jeffreylichtman.com

JEFFREY LICHTMAN
JEFFREY EINHORN
MATTHEW COHAN

PH: (212) 581-1001
FX: (212) 581-4999

June 8, 2025

**BY ECF**
Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: **United States v. Jacob Walden**, 24 CR 521 (GRB)

Dear Judge Brown:

  I am writing on behalf of defendant Jacob Walden to respectfully request reconsideration of Mr. Walden's application for a temporary furlough in order to leave the Metropolitan Detention Center and attend his eldest son's Bar Mitzvah, this coming Friday through Sunday, June 13-15, 2025. At Friday's hearing wherein I made this application, Your Honor invited me to provide the Court with another example of a defendant who was released on bail to attend a Bar Mitzvah or other important life event that, unlike a funeral, was prescheduled.

  While an exhaustive search revealed no applications to attend a Bar Mitzvah, in this very district, Judge Garaufis twice ordered the temporary release of reported mobster Patrick Romanello – then charged with two gangland murders – so that he could attend the weddings of his daughters, first in 2004, and again in 2005. United States v. Romanello, et al., 03 CR 1382 (EDNY) (NGG), ECF Dkt. Nos. 208, 538-539. Similarly, Judge Matsumoto released Dennis DeLucia, a Colombo family mobster charged with extortion, on a four-day furlough in order to attend the wedding of his daughter in October 2012. United States v. DeLucia, et al., 11 CR 30 (EDNY) (KAM), ECF Dkt. No. 972. We respectfully submit that a wedding and Bar Mitzvah are of equal cultural and familial importance, especially in Mr. Walden's community.

  As I noted during my oral application, Mr. Walden would be accompanied by a security detail for the duration of his furlough and would have no ability to remain unaccompanied while

in the vicinity of a child. He would also not be permitted access to a cellular telephone or other electronic device. Mr. Walden and his wife would execute a $50M personal recognizance bond securing these or any other conditions of his release.

      Accordingly, for these reasons and those pressed during the June 6, 2025 hearing, including the potential for the bulk of the evidence against Mr. Walden to be suppressed, we respectfully request that defendant be granted a 48-hour furlough.

      Respectfully submitted,

      /s/

      Jeffrey Lichtman

cc:    Leonid Sandlar, Esq.
        Assistant United States Attorney (by ECF)