

August 17, 2025

BY ECF

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: United States v. Jacob Israel Walden, 24-CR-521 (GRB)

Defendant's Letter Motion to Compel Testimony of Special Agent Egbert Simon

Dear Judge Brown:

I write on behalf of Defendant Jacob Israel Walden to respectfully request that the Court compel the United States Attorney's Office to produce Special Agent Egbert Simon to testify at the evidentiary hearing scheduled for August 25, 2024, on Defendant's pending motion to suppress. S.A. Simon was a CBP officer for 16 years and is now working as an agent at the U.S. Attorney's Office for the EDNY.

On August 11, 2025 the defense formally submitted a request under 28 C.F.R. §§ 16.21–16.29 (the DOJ "Touhy" regulations) seeking authorization for Agent Simon's testimony. Agent Simon previously testified in United States v. Robinson, 23-CR-192 (E.D.N.Y.), regarding Customs and Border Protection's policies for seizing electronic devices at ports of entry. Agent Simon played NO ROLE in the arrest and or seizure of Robinson's phone and testified solely as an expert in the procedure that the Government must follow before seizing a phone at the airport. His testimony is directly relevant to the April 21, 2024 seizure of Mr. Walden's phone at JFK Airport, which is the subject of the suppression motion. On August 15, 2025, the U.S. Attorney's Office denied the request.

As in Robinson, I am not calling Simon for case facts—I am calling him because his CBP protocol testimony will give Your Honor the yardstick to measure what happened. There is no case law, and likely no policy, establishing any pre-seizure safeguards for HSI. My assumption, based on experience, is that HSI has none. That makes it even more vital for the Court to hear directly that:

- CBP has strict, documented steps before seizure.
- HSI skipped every one of them.
- The "border search" label is being used to bypass the Fourth Amendment.

**BIENENFELD LAW**

Admitted New York and Florida

680 Central Avenue
Suite 108
Cedarhurst, NY 11516

saul@bienenfeldlaw.com
212-363-7701
www.bienenfeldlaw.com



The U.S. Attorney will claim that CBP and HSI are separate agencies. On paper, maybe. In practice here, they acted as one:

- All silent hit notices came from donotreply@cbp.dhs.gov.
- All subject records were written for CBP action ("Refer to Customs," "Refer to Immigration," "Escort to Secondary").
- HSI was riding CBP's system and branding—but not following CBP's rules.

And the CBP tear sheet (never given to Walden) bears the CBP seal: "Department of Homeland Security." Same department, same mission, same joint operation. For constitutional purposes, they are one arm of DHS.

Unlike CBP, HSI appears to have no protocol for a seizure at the border. Thus, an HSI type seizure at the border must be scrutinized more carefully by the court. Simon's testimony is relevant to the hearing because it provides a yardstick by which the court can evaluate the lawfulness of Agent Moriarity's conduct, an HSI agent. While Simon was a CBP agent, he can provide CBP type criteria that measure the reasonableness of a border search. Without those criteria, the court will have no basis for evaluating the seizure by an HSI agent.

The government's refusal infringes Mr. Walden's Sixth Amendment right to compulsory process. The Second Circuit has held that exclusion of material defense testimony violates the defendant's constitutional rights.

In Miller v. Mehltretter, 478 F. Supp. 2d 415, the court examined the application of the Department of Justice's Touhy regulations, specifically 28 C.F.R. §§ 16.22 and 16.26. The court reversed the official's decision not to allow testimony regarding the nature and dates of contacts with certain agencies, finding that the plaintiff's need for information about the investigation outweighed the DOJ's privilege.

In United States v. Golston, 2024 U.S. Dist. LEXIS 31321, the court denied the government's motion to quash a subpoena for testimony from an NYPD detective who was also a Task Force Officer assigned to the U.S. Attorney's Office. The court held that the Touhy regulations did not bar the issuance of the subpoena and emphasized that the government cannot "shut off an appropriate judicial demand" for testimony. The court found that the testimony sought was relevant and permissible under Federal Rule of Evidence 613 for impeachment purposes.

In United States v. Huong Thi Kim Ly, 798 F. Supp. 2d 467, the court upheld the principle that a government employee cannot testify on specific matters without agency authorization. However, the Department of State permitted limited testimony on certain topics while prohibiting expert or opinion testimony based on information acquired in the scope of official duties. The court allowed the defendant to question the employee within the bounds of the authorization.

In United States v. Patino Restrepo, 2009 U.S. Dist. LEXIS 15463, the court addressed the government's assertion that Touhy regulations governed the procedure for obtaining testimony from DOJ employees. The court ordered the production of witnesses to address concerns about the



defendant's constitutional rights, including due process and the right to counsel, which were allegedly harmed by his detention in the SHU. The court highlighted the defendant's claims of government animus and the use of detention to influence plea negotiations. Courts in this Circuit recognize that Touhy regulations cannot be invoked to deny a criminal defendant access to material and favorable evidence.

Agent Simon's testimony is uniquely material: no other witness can provide equivalent information regarding CBP's protocols. The Court, not the Executive Branch, retains the ultimate authority to decide whether such testimony should be compelled. See Touhy v. Ragen, 340 U.S. 462, 467 (1951).

Accordingly, Defendant respectfully requests that the Court issue an order:

1. Directing the U.S. Attorney's Office to produce Special Agent Egbert Simon at the August 25, 2024 evidentiary hearing; or
2. In the alternative, precluding the government from introducing evidence derived from the April 21, 2024 seizure, or drawing an adverse inference against the government for withholding a necessary witness.
3. In the further alternative, admitting into evidence at the suppression hearing the full transcript of Special Agent Simon's testimony in United States v. Robinson, including both his direct and cross-examination, as a substitute for his live appearance.

Attached as an exhibit is Agent Simon's prior testimony in USA vs Robinson.

Respectfully submitted,

/s/ Saul Bienenfeld
Saul Bienenfeld, Esq.
Attorney for Defendant