

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

CMM:LS
F. #2024R00485

August 19, 2025

By ECF

The Honorable Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

       Re:    United States v. Jacob Israel Walden
               Criminal Docket No. 24-521 (GRB)

Dear Judge Brown:

      The government respectfully submits this letter in opposition to the defendant's motion to compel an employee of the United States Attorney's Office for the Eastern District of New York (the "USAO") to testify at the evidentiary hearing scheduled for August 25, 2025, see ECF No. 76. For reasons that follow, the Court should deny the defendant's motion and preclude the employee's testimony in its entirety because the proposed testimony is not relevant in adjudicating the defendant's pending motion to suppress the fruit of the border search of his cell phone on April 21, 2024 at John F. Kennedy International Airport.

    I.    Background

      On July 31, 2025, defense counsel requested the government's assistance in the production of Special Agent Egbert Simon ("SA Simon"), a current employee of the USAO, for testimony at the upcoming evidentiary hearing. Prior to his employment at the USAO, SA Simon worked at U.S. Customs and Border Protection ("CBP") for 16 years. Defense counsel expressed an intent to call SA Simon "as an expert in CPB protocol for border searches" and "consistent with his testimony in USA vs Robinson," Case No. 23-CR-00192 (NRM) (E.D.N.Y), a case involving an inbound border search conducted by CBP officers. Ex. A (7/31/2025 E-mail to L. Sandlar). In the alternative, the defense sought to read SA Simon's prior testimony in Robinson into the record of the instant criminal proceedings to allow the Court "to take judicial notice as to the CBP protocols prior to seizing a cell phone." Id.

      On August 8, 2025, the government responded to the defendant. See Ex. B (8/8/2025 Letter to S. Bienenfeld). The government advised that federal agencies, including the Department of Justice ("DOJ"), of which the USAO is part, have procedures to determine whether their employees will be permitted to testify in matters, such as this one, in which the

government is a party.  See id. at 1 (citing United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951) ("Touhy") (authorizing such regulations)).  The procedural and substantive factors governing the determination are set forth in each federal agency's so-called Touhy regulations.  See, e.g., 28 C.F.R. §§ 16.21 to 16.29 (the "DOJ Touhy regulations").  The government observed that counsel's request did not comply with the DOJ Touhy regulations.  Pursuant to the DOJ Touhy regulations, the government requested a detailed affidavit or summary setting forth the particular information the defendant sought to elicit from SA Simon in order to permit the USAO to evaluate the request.  See Ex. B at 2.  In addition, the government advised the defendant that SA Simon had no personal knowledge of any facts in dispute, and because the border search at issue was conducted by Homeland Security Investigations ("HSI"), not CBP, any proposed testimony regarding CBP procedures would not be relevant.  Id.

On August 11, 2025, pursuant to the DOJ Touhy regulations, counsel transmitted two letters requesting the testimony of SA Simon.  See Ex. C (8/11/2025 Letter to Breon Peace); Ex. D (8/11/2025 Letter to Leonid Sandlar).  Acknowledging that SA Simon has no personal knowledge of any fact or circumstance at issue in this case, the defendant stated that he is "not calling Simon for case facts."  Ex. D at 2.  In the defendant's view, however, SA Simon's testimony was necessary for his "expertise as a former CBP officer and supervisor" with respect to the "process CBP must follow before seizing a phone at the border."  Id. at 1.  Insisting incorrectly that "HSI appears to have no protocol for a seizure at the border," id. at 3, the defendant proposed to elicit expert testimony from SA Simon regarding CBP protocols as a "yardstick" against which to evaluate a border search conducted by HSI.  Id. at 2.  The defendant attached a draft subpoena for testimony of SA Simon.  See Ex. E.

On August 15, 2025, the government advised the defendant via e-mail that, following the review of the defendant's letters, the defense request for SA Simon's testimony was denied under the DOJ Touhy regulations because SA Simon has no personal knowledge of any facts or circumstances in the case at bar, nor are the policies and procedures of CBP, SA Simon's former employer, relevant in a case where the challenged search was conducted by employees of another federal agency.

On August 18, 2025, without serving any subpoena on SA Simon, the defendant filed a motion to compel his testimony, which reprised the points articulated in earlier correspondence with the government.  See ECF No. 76.

II.  Applicable Law

Under 5 U.S.C. § 301, the head of every Executive Branch agency is authorized to prescribe regulations for the government of the department, the conduct of the employees, and the custody, use and preservation of its records, papers and property.  See Touhy, 340 U.S. at 468.  A federal agency is not required to comply with any request for testimony that fails to comport with the applicable agency regulations governing the production or disclosure of such information.  See id. (authorizing such regulations).  The regulations are intended to provide a procedure for subpoenaing federal agency employees, so the government has an opportunity to protect certain types of information from unwarranted and unconsidered disclosure.

The disclosure of official information by the USAO is governed by the DOJ's Touhy regulations. See 28 C.F.R. §§ 16.21 to 16.29. Pursuant to the DOJ Touhy regulations, a party seeking oral testimony from DOJ employees "must" summarize the information sought and explain the relevance of that information to the proceeding. See 28 C.F.R. § 16.23(c) ("If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or . . . a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter."). Such an affidavit or detailed summary permits the parties to make a precise evaluation of the scope of the testimony sought and results in a narrowing of the issues for the court. Once the party complies with these procedural requirements, the DOJ component will make a determination regarding the party's demand in light of the considerations codified at 28 C.F.R. §§ 16.24-16.26. Such considerations, include, inter alia, "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose," 28 C.F.R. § 16.26(a)(1).

Courts in this District have observed that "[c]ompliance with Touhy regulations . . . permits the court to conduct the appropriate review of reasonableness in considering . . . whether testimony is necessary for the Defendant to raise a defense or is irrelevant." United States v. Chang, No. 18-CR-00681 (NGG) (CLP), 2024 WL 3567006, at *2 (E.D.N.Y. July 29, 2024).

### III. The Court Should Deny the Motion to Compel and Preclude Testimony of SA Simon in its Entirety

The Court should deny the defendant's motion to compel and preclude the testimony of SA Simon in its entirety because the proposed testimony is flatly irrelevant and would confuse the issues, waste time, present an undue burden on SA Simon, and divert resources from law enforcement activities.

First, it is undisputed that SA Simon has never been involved in the investigation of the defendant's enticement of minor females to produce child pornography, nor in the challenged outbound border inspection. SA Simon has no personal knowledge of any fact or circumstance at issue in this evidentiary hearing, and the defendant concedes that he is "not calling Simon for case facts." ECF 76 at 1. Plainly, a witness who has no personal knowledge of any fact in dispute should not take the witness stand at an evidentiary hearing, and haling SA Simon into court would constitute an undue burden and a waste of resources because it would divert his time from law enforcement activities at the USAO. His testimony should be precluded on this ground alone. See United States v. Duncan, No. 18-CR-289 (SHS), 2019 WL 2210663, at *3-4 (S.D.N.Y. May 22, 2019) (granting government's motion to preclude testimony of an agent where Touhy letter identified irrelevant areas of examination).

Second, the proposed testimony of SA Simon, based on his "expertise" in the "process CBP must follow before seizing a phone at the border," Ex. D at 1, mischaracterizes his testimony in Robinson. A fair review of his testimony (see ECF 76-1) shows not only that SA Simon did not testify as an expert, but also that he did not testify about the procedure the CBP must follow before seizing a phone. In Robinson, a CBP officer manually searched the defendant's cell phone during an inbound border search at an airport after the officer saw a CBP

3

alert warning that the defendant was suspected of possessing child pornography. See United States v. Robinson, No. 23-CR-192 (NRM), 2025 WL 1359352, at *2-3 (E.D.N.Y. May 9, 2025), appeal pending, No. 25-1428 (2d Cir.). At the evidentiary hearing on the defendant's motion to suppress the fruits of the border search, SA Simon testified as a lay witness for the government, based on his experience as a CBP supervisor, about the general process by which CBP traveler alerts are generated and how they are viewed by CBP officers who screen incoming passengers at the airport. Id. at *14. Such testimony has no relevance here, where an HSI case agent searched the defendant's cell phone during an outbound inspection based on information developed in the HSI investigation, not based on any CBP traveler alert.

Third, despite the defendant's best efforts to conflate them, CBP and HSI are separate federal agencies, with disparate missions, personnel, and procedures. As described in substantial detail in the government's opposition to the defendant's motion to suppress, ECF No. 64, the challenged border inspection was conducted by Special Agent Christopher Moriarty ("SA Moriarty") of HSI, the agency that investigated the defendant's child pornography offenses. CBP as an agency was not involved in the investigation of the defendant or the challenged searches of the defendant's iPhone, apart from a CBP officer's assistance with security for the HSI agents during the outbound border search. Accordingly, to the extent any agency procedures are relevant to the manner of execution of the border search or the good faith of the federal agents, it would be those of HSI, not CBP. As the government previously observed, CBP guidance concerning border searches of electronic devices expressly disclaims any application to HSI personnel. See ECF No. 64 at 28 n.9 & Ex. D. Accordingly, SA Simon's training and experience as a CBP officer are plainly not relevant in this case.

Fourth, as defense counsel is aware, the government will call SA Moriarty, the lead case agent who conducted the challenged border search, to testify at the evidentiary hearing about the search and related investigative steps. His testimony at the hearing forecloses the need to call SA Simon, who has no relevant testimony to offer. The preclusion of SA Simon does not leave the defendant without recourse because defense counsel will have ample opportunity to cross-examine SA Moriarty about his conduct during the border inspection and any applicable procedures of the relevant agency, HSI. See United States v. Mohamed, 157 F. Supp. 3d 268, 272 (E.D.N.Y. 2016) (granting the government's motion to preclude the testimony of a defense expert witness at a suppression hearing where "cross-examination is sufficient to achieve the same effect as the proposed testimony").

Finally, the defendant's request for the testimony of SA Simon is untimely. Initially scheduled to take place on July 11, 2025, the evidentiary hearing has been adjourned twice at the request of the defendant. Most recently, the government agreed to a defense request to adjourn the hearing to assure the presence of both HSI case agents involved in the investigation, leading defense counsel to remark that "[t]he government has been helpful in facilitating witness production." See ECF No. 71. Counsel did not notify the government of the intent to call SA Simon until after this second adjournment and months after the defendant filed the motion to suppress. The defendant's delay in disclosing the identity of the witness is inexcusable and was clearly avoidable. Given the irrelevant nature of the expected testimony from SA Simon and the defendant's unjustified delay in disclosing the proposed testimony, the testimony should be precluded in its entirety.

IV. Conclusion

For the reasons set forth herein, the Court should deny the defendant's motion to compel and preclude the testimony of SA Simon in its entirety.[1]

                              Respectfully submitted,

                              JOSEPH NOCELLA, JR.
                            United States Attorney

                  By:   /s/ Leonid Sandlar
                          Leonid Sandlar
                          Trial Attorney
                          (718) 254-6879

cc:    Clerk of Court (GRB) (by ECF)

---

[1] In an email dated July 30, 2025, counsel also requested the production of CBP Officer Jianbin Wang ("CBPO Wang"), who was present during the border search merely to provide security. Counsel expressed an intent to question CBPO Wang regarding "his role during the arrest" [sic] and "general CBP protocol." The government's letter of August 8, 2025 requested additional information regarding the scope of the proposed testimony of CBPO Wang, consistent with the CBP's Touhy regulations. See Ex. B. To date, the defendant has not subpoenaed CBPO Wang, and the government has no further information whether the defendant seeks to call CBPO Wang or the scope of the testimony that the defendant seeks to elicit from CBPO Wang. To the extent that CBPO Wang testifies at the evidentiary hearing, the government will seek to preclude the defense from eliciting any testimony regarding CBP policies and procedures, which are not relevant for reasons set forth in this submission.