# EXHIBIT B



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AXB:LS
F. #2024R00485

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 8, 2025

<u>By E-mail</u>

Saul Warren Bienenfeld, Esq.
Bienenfeld Law
680 Central Avenue, Suite 108
Cedarhurst, NY 11516

Mr. Bienenfeld:

      I write in response to your email requests dated July 30, 2025, July 31, 2025, and August 6, 2025 (together, the "Requests") on behalf of the Defendant seeking the testimony of Jianbin Wang, a U.S. Customs and Border Protection ("CBP") agent, and Egbert Simon, a special agent of the United States Attorney's Office for the Eastern District of New York (the "Office"), at the evidentiary hearing in the above-referenced matter, scheduled for August 25, 2025.

      I.   <u>Touhy Regulations</u>

      All federal agencies, including CBP and the Department of Justice ("DOJ") of which the Office is part, have procedures to determine whether their employees will be permitted to testify or produce documents in matters, such as this one, in which the government is a party. <u>See</u> <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951) (authorizing such regulations). The procedural and substantive factors governing the determination are set forth in each agency's so-called <u>Touhy</u> regulations.

      A.   <u>CBP Touhy Regulations</u>

      The disclosure of official information by CBP is governed by the agency's <u>Touhy</u> regulations. <u>See</u> 19 C.F.R. §§ 103.21 to 103.27 (the "CBP <u>Touhy</u> regulations"). In cases where the United States is a party to the action, "CBP employees are instructed to follow internal CBP policies and procedures." <u>See</u> 19 C.F.R. § 103.21(a)(2). Under CBP policies, a demand for oral testimony of a CBP agent requires a subpoena. In addition, CBP requires a party seeking to subpoena a CBP agent to identify the scope of the testimony sought from the agent in order to permit CBP to properly respond to the request.

B. DOJ Touhy Regulations

The disclosure of official information by this Office is governed by the DOJ's Touhy regulations. See 28 C.F.R. §§ 16.21 to 16.29 (the "DOJ Touhy regulations"). Pursuant to the DOJ Touhy regulations, a party seeking oral testimony from DOJ employees "must" summarize the information sought and explain the relevance of that information to the proceeding. See 28 C.F.R. § 16.23(c) ("If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or . . . a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter."). Such an affidavit or detailed summary permits the parties to make a precise evaluation of the scope of the testimony sought and results in a narrowing of the issues for the court. Once the party complies with these procedural requirements, the Office will make a determination regarding the party's demand in light of the considerations codified at 28 C.F.R. §§ 16.24-16.26. Compliance with these Touhy regulations is mandatory. See United States v. Chang, No. 18-CR-00681 (NGG) (CLP), 2024 WL 3361800, at *2 (E.D.N.Y. July 10, 2024) ("Should the Defense seek to elicit testimony from any FBI agent involved in this matter, it must follow the Touhy regulations.").

II. The Defense Requests

The defense Requests do not comply with the above-described Touhy regulations, in part because they contain no meaningful description of the testimony the Defendant is seeking to elicit, which prevents an assessment of the issues to be resolved. Specifically, the request of July 30, 2025 to produce Agent Wang seeks his testimony regarding "his role during the arrest" and "general CBP protocol." The request of August 6, 2025, adds no additional information. But the relevance of such testimony is not clear, as the law enforcement actions at issue in this case—namely, the border search of April 21, 2024 and the arrest of July 31, 2024—were conducted by Homeland Security Investigations ("HSI"), not CBP. As I believe you are aware, CBP and HSI are separate agencies. Nor do the Requests elaborate upon what is meant by "general CBP protocol," such that an informed decision can be made about such testimony's relevance to the instant investigation by HSI.

The request of July 31, 2025 to produce Special Agent Simon seeks his testimony "consistent with his testimony in USA vs Robinson," Case No. 23-CR-00192 (NRM) (E.D.N.Y). In the alternative, the defense seeks to read into the record of these proceedings Agent Simon's prior testimony in Robinson. The request of August 6, 2025, adds no additional information. These Requests fail to comply with the DOJ Touhy regulations, in part because the scope of the testimony sought bears no appreciable relevance to this case or the upcoming evidentiary hearing. The Defendant fails to proffer any basis to believe that Agent Simon has had any involvement in this case (he has not) or personal knowledge of any facts that are in dispute (he does not). As such, the Defendant does not articulate any basis to conclude that Agent Simon's testimony in Robinson—or similar testimony by him—is at all relevant. That is especially true since, as you know, Robinson involved a border search of an electronic device conducted by CBP agents, and is thus inapposite.

Pursuant to CBP <u>Touhy</u> regulations and DOJ <u>Touhy</u> regulations, please provide a detailed affidavit or statement setting forth a summary of the testimony sought from each witness, including the relevance of that information to this proceeding.

III. <u>Conclusion</u>

In short, please provide a detailed affidavit or summary setting forth the particular information you are seeking from the two government employees in order to permit your request to be evaluated as expeditiously as possible under governing regulations and policies of the respective agencies.[1] Please do not hesitate to contact me if you have any questions concerning this matter.

Very truly yours,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/ Leonid Sandlar
Leonid Sandlar
Trial Attorney
U.S. Department of Justice
(718) 254-6879

Cc: Barry Kamins, Esq. (by e-mail)

---

[1] By discussing certain objections herein, the government in no way waives any other rights, privileges, statutory protections, objections, or defenses as to the requested testimony. Compliance with the above referenced procedural and statutory requirements does not obligate CBP or the Office to release the information sought and the government reserves the right to make the relevant determination under the governing <u>Touhy</u> regulations, which "provide guidance for the internal operations of the Department of Justice," and do not create substantive rights. <u>See, e.g.</u>, 28 C.F.R. § 16.21(d). Additionally, the government reserves the right to move to quash any subpoena and to move to preclude any of the testimony.

3