October 19, 2026

**VIA ECF**
The Honorable Gary R. Brown
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

Re: *United States v. Jacob Walden*, 24 Cr. 521 (GRB)

Dear Judge Brown:

We write in response to the government's motions in limine filed on October 5, 2026.

**1. Motion to Preclude Names and Identifying Information for Minor Victims**

Counsel objects to the government's motion in limine for any alleged victim that is now eighteen years old or older[1] because concealing the identities of the alleged victims would violate the defendant's Sixth Amendment right "to be confronted with the witnesses against" him. Indeed, the Confrontation Clause's "main and essential purpose" is "to secure . . . the opportunity of cross-examination," *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986), which "is the principal means by which the believability of a witness and the truth of his testimony are tested," *Davis v. Alaska*, 415 U.S. 308, 316 (1974).

Here, using pseudonyms would prevent "full[] and adequate[]" cross-examination, *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 407–08 (S.D.N.Y. 2019), which is why "[t]he case law recognizes a defendant's interest in confronting *an identified accuser*," *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) (emphasis added). A witness who testifies under her own name "may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account." *Delta Airlines*, 310 F.R.D. at 225. "[O]pen examination of witnesses . . . is much more conducive to the clearing up of truth, than the private and secret examination . . . where a witness may frequently depose that in private, which he will be ashamed to testify in a public and solemn tribunal." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 597 (1980) (Brennan, J., concurring) (quoting 3 William Blackstone, Commentaries *373 (13th ed. 1800)).

In *Smith v. Illinois*, for example, the Supreme Court reversed the defendant's conviction because a prosecution witness was permitted to testify pseudonymously. While "there was not, to be sure, a complete denial of all right of cross-examination," the defendant was nonetheless "denied the right to ask the principal prosecution witness . . . his name," and "when the credibility

[1] Should the government call an alleged victim that is under eighteen years old at the time of trial, counsel would not object to that victim testifying using a pseudonym.

of a witness is in issue, the very starting point in exposing falsehood and bringing out the truth through cross-examination must necessarily be to ask the witness who he is." 390 U.S. 129, 131 (1968). "To forbid this rudimentary inquiry at the threshold," therefore, "[was] effectively to emasculate the right of cross-examination itself." *Id.* Similarly, in *Alford v. United States*, the Supreme Court reversed a conviction because the defendant was prohibited from inquiring into identifying information on cross examination. 282 U.S. 687, 692–94 (1931).

Allowing alleged victims to use pseudonyms would also infringe on a defendant's Sixth Amendment right to a public trial—another important fair trial safeguard. Nothing could be more unfair than requiring a defendant to publicly defend themselves while many of the government's accusers wear a "cloak of anonymity." *E.g.*, *Skyline Auto. Inc.*, 375 F. Supp. 3d at 407.

Notably, in the highly publicized prosecution in Pennsylvania against Jerry Sandusky, the court found that allowing alleged victims to testify anonymously violated a defendant's right to an open trial. *See Commw. v. Sandusky*, 14 Cr. 2421, 14 Cr. 2422 (Pa. Commw. Ct. June 4, 2012). There, the court rejected the motions of five adult victims to proceed using pseudonyms when testifying to incidents that occurred when they were minors.[2] The victims argued that "exposing their names would subject them to shame, ridicule and harassment," with one even submitting an affidavit from his psychologist stating that disclosure of his name "could trigger symptoms of post-traumatic stress disorder and interfere with the young man's treatment and recovery." *Id.* The court, however, denied the request, finding that while state law allowed child victims of sexual assault to shield their identities, there was no parallel for adult victims. *Id.*[3] Rejecting arguments that requiring the witnesses to use their identities was particularly harmful in sex offense cases because it would chill victims' willingness to come forward, the court held that alleged victims of sex offenses were not entitled to special protections:

> Arguably any victim of any crime would prefer not to appear in court, not to be subjected to cross-examination, not to have his or her credibility evaluated by a jury - not to put his name and reputation at stake, … [b]ut we ask citizens to do that every day in courts across the nation.[4]

The *Sandusky* court further noted that courts "are not customarily in the business of withholding information," finding that the defendant's interest in an open trial trumped the potential harm to alleged victims and that "secrecy is thought to be inconsistent with the openness required to assure the public that the law is being administered fairly and applied faithfully." *Id.*

---

[2] Michael Rubinkam, "Accusers to be unmasked at Penn State trial," NBC NEWS (June 4, 2012). Available at https://www.nbcnews.com/id/wbna47727682.

[3] The court issued its opinion in 2012, years after the 2004 enactment of the Crime Victims' Rights Act, which applies to victims of federal and state crimes alike.

[4] Brad Segall and Ben Simmoneau, "Judge In Jerry Sandusky Case Denies Accusers' Bid For Pseudonyms; Bans Tweeting," CBS NEWS (June 4, 2017). Available at https://www.cbsnews.com/philadelphia/news/judge-in-jerry-sandusky-case-denies-accusers-bid-for-pseudonyms-bans-tweeting/.

Another argument against anonymity is that fully identifying the government's witnesses may also lead other potential "witnesses to come forward" with testimony or other helpful information. *Waller v. Georgia*, 467 U.S. 39, 46 (1984). A public trial in which witnesses are identified helps advance the trial's truth-seeking function—but the government's request does the opposite, further impairing the defendant's rights. Where witnesses are identified, members of the public can help provide the defense information about those witnesses which help with cross-examination. However, keeping their identities shielded from the public allows the witnesses to get on the witness stand without the public checking and scrutinizing their stories. That is because in addition to the defendant's Sixth Amendment right to a public trial, pseudonymity would contravene the public's First Amendment right of access. "The people have a right to know who is using their courts." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

For these reasons, counsel objects to the government's request that the alleged victims testify using pseudonyms.

**2. Motion to Admit Images and Videos Depicting Minors Engaged in Sexually Explicit Conduct**

Counsel is prepared to stipulate that the relevant images and videos are CSAM material, obviating the need to display the images and videos to the jury.

**3. Motion to Admit Evidence Pursuant to FRE 414 and 404(b) Concerning the Defendant's Sexual Exploitation of Other Minors**

The government seeks to admit evidence of Mr. Walden's alleged sexual exploitation of other minors under FRE 414, which is a limited exception to FRE 404's general ban on character and propensity evidence. Counsel notes, however, that although "Rule 414 modifies the ban on character evidence otherwise applicable under Rule 404, it does not follow that propensity evidence relative to child molestation is always admissible." *United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018). Rather, "Rule 414 reflects a congressional judgment that such a blanket rule is inappropriate when dealing with child molestation offenses, but it does not require the district courts to evaluate such evidence with a thumb on the scale in favor of admissibility." *Id.* (quotation omitted). As the Second Circuit further noted:

> It is more accurate to say that Rule 414 affects the district court's analysis under Rule 403 because it alters the category of permissible inferences available to the jury. Whereas in other cases it is impermissible, and unfairly prejudicial, for the jury to infer a propensity to commit the charged crime from evidence of prior, similar acts, Rule 414 makes that a permissible inference. The district court retains discretion, however, to determine the probative value of this inference and to weigh whether the prior act evidence will be unfairly prejudicial.

*Id.*

In exercising its discretion with such propensity evidence, the district court should consider the following factors:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Id.* (quotations omitted). Here, the government proffers evidence of Mr. Walden's alleged sexual exploitation of other minors but fails to provide sufficient specifics to these allegations to let the Court properly consider the necessary factors.

Additionally, the district court should also "consider the potential for unfair prejudice, including the possibility that prior act evidence will lead the jury to convict out of passion or bias or because they believe the defendant is a bad person deserving of punishment – a particular risk with this sort of evidence." *Id.* at 155. Without knowing what this "other minors" evidence includes, the Court cannot properly evaluate at this point whether such evidence is merely cumulative—which would increase the risk that the jury will only use this evidence improperly to find that Mr. Walden is simply "a bad person deserving of punishment."

Accordingly, this Court should not decide the government's motion on this matter until the government provides the Court will more information.

**4. Motion to Preclude Evidence Pursuant to FRE 412 and 403 Concerning Any Victim's Sexual Behavior, Sexual Communications, or Sharing or Production of Sexual Images with Anyone other than the Defendant**

Federal Rule of Evidence 412(a) generally bars evidence of an alleged victim's prior sexual behavior and predisposition. However, FRE 412(b)(1) makes exceptions for certain types of evidence. Relevant here, the Court may admit "evidence whose exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(B)-(C).

This exception in FRE 412(b)(1)(C) encompasses a defendant's Sixth Amendment rights, including the right to "a meaningful opportunity to present a complete defense" at trial, *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006), and to confront a witnesses including by "impeach[ing] the credibility of a prosecution witness by cross-examination directed at possible bias," *Davis v. Alaska*, 415 U.S. 308, 309 (1974). Moreover, "[t]he right of an accused to cross-examination 'is more than a desirable rule of trial procedure. It is implicit in the constitutional right of confrontation. . . . It is, indeed, 'an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.'" *Grant v. Demskie*, 75 F. Supp. 2d 201, 212–13 (S.D.N.Y. 1999) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)).

Here, evidence that the alleged victims offered to sell and sold sexually explicit photos and videos to other individuals is vital. Specifically, the government alleges that Mr. Walden persuaded, induced or enticed the alleged victims to produce sexually explicit material. Evidence that the alleged victims offered to sell and sold sexually explicit photos and videos to other individuals will help the jury evaluate the evidence to determine if Mr. Walden persuaded, induced or enticed the alleged victims to send the sexually explicit material or whether the alleged victims

were offering these materials to Mr. Walden even absent his persuasion, inducement or enticement. Accordingly, this information should not be precluded at this time under FRE 412.

**5. Motion to Preclude Evidence and Argument about Punishment, Mitigation Factors, Law Enforcement Tactics**

Counsel does not object to the government's motion in limine regarding punishment and law enforcement tactics. Counsel does not believe, however, that this Court should rule in advance of trial regarding Mr. Walden's mental health issues or that he suffered abuse as a child. Instead, this Court should wait until counsel makes a proffer to the Court regarding these issues at trial.

Respectfully submitted,

Jacob Kaplan
Marc Agnifilo
Zach Intrater

cc: Gov't Counsel (by ECF)