CMM:LS/MDM
F. #2024R00485

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

24-CR-521 (S-1) (GRB)

JACOB ISRAEL WALDEN,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

THE PARTIES' PROPOSED VOIR DIRE

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Marc A. Agnifilo
Zach Intrater
Jacob Kaplan
Agnifilo Intrater LLP
140 Broadway, Suite 4530
New York, NY 10005

Leonid Sandlar
Trial Attorney

Michael D. Manzo
Assistant U.S. Attorney
(Of Counsel)

## PRELIMINARY STATEMENT

In addition to the Court's usual voir dire, the parties respectfully request that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The parties respectfully submit that the questions listed below would aid in the selection of a fair, impartial, and unbiased jury. The parties further request that the Court pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the government or the defendant. The parties reserve the right to submit additional voir dire questions prior to jury selection.

The parties also submit a brief summary of the case, as well as a list of potential witnesses, individuals, and locations that may be mentioned at trial. Jury selection is scheduled to take place on November 9, 2026.

## STATEMENT OF THE CASE

The defendant JACOB ISRAEL WALDEN is charged with four counts of sexual exploitation of a child, one count of receipt of child pornography, one count of possession of child pornography, and two counts of access with intent to view child pornography. The alleged conduct involved the defendant using internet-based messaging, payment, and cloud-storage services to obtain child pornography by (1) communicating directly with minor females and paying them to produce sexually explicit images and videos of themselves for him and (2) purchasing existing collections of child pornography from online producers and distributors. The charges are based on the defendant's actions between August 2023 and April 2024. The defendant has pleaded not guilty and is presumed innocent until proven guilty.

PROPOSED QUESTIONS

I. General Questions

1. The parties respectfully request that the Court inquire as to the following:

(a) Difficulty reading or understanding English;

(b) Other languages spoken or read;

(c) Educational background;

(d) Military background;

(e) Present employment and job duties;

(f) Significant past employment;

(g) General area of residence;

(h) People who live with juror and his/her/their occupation(s);

(i) Martial and parental status; and

(j) Whether the juror or any family member or close friend has ever worked for a criminal defense lawyer, a law firm, a private investigator, or attended law school.

2. Do you have any religious, philosophical, moral, or other belief that might make you unable to render either a "guilty" or a "not guilty" verdict? If yes, please explain.

3. What news sources, including newspapers, Internet news sources or television news programs, if any, do you read or view on a regular basis?

4. What television programs or streaming programs, if any, do you watch on a regular basis?

5. What law-enforcement, legal, or crime-related television programs, radio programs, or podcasts, if any, you watch/listen to (e.g., Law and Order, CSI, Cold Case, True Detective, Serial)? How frequently?

6. List any hobbies or special interests that you have.

7. Would you be able to follow the Judge's instructions on the law and apply the law even if you disagree with it?

## II. Personal Experience with the Criminal Justice System

1. Have you or a relative or close friend had an experience with the United States Attorney's Office, the United States Department of Justice, the Department of Homeland Security, Homeland Security Investigations ("HSI"), or any other law enforcement agency? If so, please describe the nature of that experience, and whether you considered it a positive or negative experience. Would those experiences impact your ability to be a fair and impartial juror in this case?

2. I understand that one or more witnesses who are members of law enforcement may be called to testify by the government. Would anyone have difficulty treating law enforcement witnesses like any other witness? Does anyone believe that law enforcement witnesses are more or less likely to be truthful than other witnesses?

3. Have you or a family member or close friend ever worked in law enforcement or as part of the criminal justice system (e.g., judge, court personnel, probation officer, correction officer, etc.)?

4. Have you or a family member or close friend ever worked in criminal defense (e.g., attorney, paralegal, investigator, etc.)?

5. Other than what you have already answered, have you or a family member or close friend ever had any training or work experience in the law (e.g., judge, lawyer, paralegal, legal secretary, court reporter, interpreter or any other law-related field)?

6. Have you or a family member or close friend ever been a witness, complainant or defendant in a prosecution, whether federal, state or local? If so, please describe the nature of that experience, and whether you considered it positive or negative. Would those experiences affect your ability to be fair and impartial?

7. Do you have any personal experiences where you were accused of something that would make it difficult for you to be an impartial juror in this case?

8. Have you previously served as a juror in a criminal or civil matter and, if so, did the jury upon which you served reach a verdict? Did you serve as the foreperson?

III. Case-Specific Questions

1. Do you recognize this case or have any personal knowledge or familiarity with it?

2. Is there anything about the nature of these charges, in and of themselves, that would affect your ability to be fair and impartial in deciding this case?

~~3. The law provides that individuals under certain ages cannot consent to sexual activity with other individuals. Is there any reason you could not apply that law?~~

~~4. It is illegal under federal law to knowingly and intentionally attempt to employ, use, persuade, induce, entice, or coerce a person who is less than 18 years old to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.~~

~~Such activities are not protected by the First Amendment or any other constitutional right. Do you have a problem following the law as it pertains to this case?~~[1]

3.

~~5.~~4. It is the law that the testimony of a single witness can be sufficient to convict a defendant of a charged crime, if the jury finds that the testimony of that witness establishes proof beyond a reasonable doubt. Do you have any opinion or belief about that law that would prevent you from applying this rule of law?

~~6.~~5. This case may receive attention in the media. However, the only evidence you should consider is the evidence received in this courtroom. You are to avoid and ignore any statements made by the media, which may be inaccurate or incomplete. Can you assure the Court and the parties that you can follow these rules?

~~7.~~6. Certain witnesses may testify under a pseudonym, which the law permits. Will this impact your ability to evaluate their testimony in a fair and impartial way?

~~8.~~7. Have you or a relative or a close friend ever had any experience with child exploitation, child abuse, sexual abuse, sexual assault, or sexual harassment? If yes, please explain. Is there anything about that experience that would affect your ability to be fair and impartial?

a. Do you think you or your family member or friend was treated fairly by the criminal justice system? Would those experiences affect your ability to be fair and impartial?

~~9.~~8. Have you, or has someone you know, ever been arrested, prosecuted, or sued civilly for sexual misconduct?

---

[1] The defense objects to these questions as consent and the First Amendment are not defenses to the charged crimes and will not be raised by the defense.

10. Do you, or someone you know, believe you have ever been falsely accused of sexual abuse, sexual assault, or sexual harassment?

11. One or more witnesses in this case may testify regarding their experience with sexual abuse or sexual assault. Would you have any difficulty assessing the credibility of a witness regarding their experience with sexual assault or abuse just like you would any other witness? [2]

9.

12. 10. Because of the nature of the charges, you will be required to view images and/or videos of individuals engaged in sexually explicit conduct. The individuals in the images and/or videos are alleged to be minors. You will also be required to review sexually explicit electronic communications. These images, videos, messages, and the related testimony may be distasteful, offensive, and unpleasant to view and hear. But the prospect of having to see or hear distasteful, offensive, or unpleasant evidence is not a basis to avoid the responsibility of jury service. Many cases, both criminal and civil, involve unpleasant things. If prospective jurors were excused on the ground that jury duty makes demands – including unpleasant demands – then the justice system could not function. The parties have a right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve or because they would like to avoid some unpleasantness. With this in mind, do you believe that you would be unable to be a fair and impartial juror?[3] Regardless of your personal feelings about such a piece of evidence, will you be able to render a fair and

[2] The defense objects to this question because we believe a victim's history of sexual abuse/assault should not be part of the trial. We will move to preclude this evidence in a motion in limine.

[3] We believe the government's proposed language is confusing.

impartial verdict based on the evidence and my instructions? If you are not comfortable watching such videos and looking at such photographs as part of your job as a juror, please raise your hand so we can discuss at sidebar.[4]

13.11. Have you, a family member, or close friend ever been employed by or volunteered with an agency or organization that offers assistance or counseling to crime victims, victims of sexual assault, or victims of domestic violence?

14.12. Do you, any family member, or close friend work closely with teenagers or pre-teens either in their employment or in a volunteer capacity?

a. Would any of these roles affect your ability to be fair and impartial in deciding the case?

15.13. In all criminal cases, the government has the burden of proof of establishing a defendant's guilt beyond a reasonable doubt. That burden never shifts to the defendant, even if he elects to testify in his defense. If the defendant decides to testify at this trial in his defense, will any juror expect him to prove his innocence? In other words, if the defendant decides to testify, will any juror have difficulty continuing to hold the government to its burden of proof?

IV. Miscellaneous Questions

1. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that, even if the evidence established a

[4] Government Objection: The government objects to the defendant's proposed instruction directing prospective jurors to raise their hands if they are "not comfortable" viewing the evidence. That instruction may cause confusion because a prospective juror may find the evidence disturbing and still be able to review it, follow the Court's instructions, and decide the case fairly and impartially. The government proposes asking prospective jurors to raise their hands if they believe, or are unsure whether, the nature of the evidence would interfere with their ability to review it or serve fairly and impartially. Any such concerns can be explored at sidebar.

defendant's guilt beyond a reasonable doubt, she or he might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

2. Under the law, the facts are for the jury to determine and the law is for the Court to determine. You are required to accept the law as the Court explains it to you, even if you do not like the law or disagree with it, and you must determine the facts according to those instructions. Would you have any difficulty following the Court's instructions on the law that you must apply to determine the facts of this case?

3. Will you be able to accept the proposition that the question of punishment is for the Court alone to decide, and that any possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial is guilty?

4. Do you have any biases or prejudices that would make it difficult for you to be fair and impartial? Do you have any knowledge about the parties or the case that might influence you in deciding the case? Would you be able to set aside any sympathies or biases you may have for any of the parties in reaching a verdict?

5. Will anyone be unable to accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty, and that only the evidence produced here in Court may be used to determine whether the defendant is guilty or not guilty of the crime charged?

6. Is there anything that we have not directly addressed regarding this case that would make it difficult for you to be a fair and impartial juror in this case?

## LIST OF NAMES AND PLACES

The parties respectfully request that the Court inquire about prospective jurors' familiarity with the foregoing persons and places listed below.

Defendant and Defense Counsel

1. Jacob Israel Walden
2. Marc Agnifilo, counsel for Jacob Israel Walden
3. Zach Intrater, counsel for Jacob Israel Walden
4. Jacob Kaplan, counsel for Jacob Israel Walden,
5. Agnifilo Intrater LLP, the law firm where these lawyers are employed, or
6. Saul Bienenfeld, counsel for Jacob Israel Walden.

Seated at the Government's Table

1. Trial Attorney Leonid Sandlar
2. Assistant United States Attorney Michael D. Manzo
3. Assistant United States Attorney Catherine M. Mirabile
4. HSI Special Agent Christopher B. Moriarty
5. Paralegal Specialist Adam Bernard, or
6. Paralegal Specialist David Harrison

Names

1. Jane Doe #1 (Brianna)
2. Jane Doe #2 (Samantha)
3. Jane Doe #3 (Morena)
4. Jane Doe #4 (Lucia)
5. Federal Bureau of Prisons Special Investigative Technician Eiatzaz Arshad

6. Transportation Security Administration Special Agent Brett Lasseter
7. HSI Computer Forensic Analyst Irene Piccinich
8. HSI Computer Forensic Analyst John Hull
9. HSI Special Agent Christopher Gnall
10. Ryan Hine, or
11. Rachel Walden

Places

1. 846 Cliffside Avenue, Valley Stream, New York 11581

V. Conclusion

The parties respectfully request that the Court include the foregoing in its voir dire to the jury. In addition, the parties request the opportunity to submit further requests or amend those submitted as appropriate.

Dated: Central Islip, New York
November 4, 2026

Respectfully submitted,

By: /s/ Leonid Sandlar
Leonid Sandlar
Trial Attorney

Michael D. Manzo
Assistant United States Attorney

/s/ Jacob Kaplan
Marc A. Agnifilo
Zach Intrater
Jacob Kaplan

Attorneys for the Defendant

cc: Clerk of the Court (GRB) (by ECF)