# AGNIFILO
# INTRATER

November 8, 2026

The Honorable Gary R. Brown
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

Re: *United States v. Jacob Israel Walden*, 24 Cr. 521 (GRB)

Dear Judge Brown:

As part of its proposed voir dire, the government included the following question:

> One or more witnesses in this case may testify regarding their experience with sexual abuse or sexual assault. Would you have any difficulty assessing the credibility of a witness regarding their experience with sexual assault or abuse just like you would any other witness?

(Dkt. 118: Proposed Voir Dire at 7.) In response, counsel objected to this question "because we believe a victim's history of sexual abuse/assault should not be part of the trial." (*Id.* at n.2.)

We write now to supplement this response by moving to preclude the government from eliciting evidence that the alleged victims had been victims of sexual abuse or sexual assault. Mr. Walden is charged here with producing child pornography. That an alleged victim had been previously sexually assaulted or abused by someone else prior to her interactions with Mr. Walden has no relevance in determining whether Mr. Walden produced child pornography. More importantly, while this evidence has no probative value, admitting it would unfairly prejudice Mr. Walden because it would only serve to make the victim more sympathetic to the jury. This evidence is also prejudicial because it would give the jury the mistaken impression that, having been victimized previously, the victim was likely victimized by Mr. Walden as well.

Under FRE 403, this Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Here, this evidence has no relevance or probative value. On the other hand, the risk of prejudice to Mr. Walden is legitimate. Accordingly, this Court should preclude the government from eliciting testimony from any alleged victim that they had previously been sexually assaulted or abused.

Respectfully submitted,

Marc Agnifilo
Zach Intrater
Jacob Kaplan

cc: Gov't Counsel (via ECF)