UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| - against - | : | 24-CR-521 (GRB) |
| JACOB ISRAEL WALDEN, | : | |
| Defendant. | : | |

**GARY R. BROWN**, District Judge.

# DRAFT (FIRST) JURY CHARGE

**<u>INTRODUCTION</u>**

MEMBERS OF THE JURY, NOW THAT THE EVIDENCE HAS BEEN PRESENTED, IT IS MY RESPONSIBILITY TO INSTRUCT YOU ON THE LAW. YOU WILL HAVE A COPY OF THESE INSTRUCTIONS IN THE JURY ROOM WITH YOU. MY INSTRUCTIONS WILL BE IN THREE PARTS:

**FIRST**: I WILL INSTRUCT YOU ON THE GENERAL RULES THAT DEFINE AND GOVERN THE DUTIES OF A JURY IN A CRIMINAL CASE.

**SECOND**: I WILL INSTRUCT YOU AS TO THE LEGAL ELEMENTS OF THE CRIMES CHARGED IN THE INDICTMENT.

**THIRD**: I WILL GIVE YOU SOME IMPORTANT PRINCIPLES TO USE DURING YOUR DELIBERATIONS.

# PART I: GENERAL RULES

**Parties to the Judicial Process and Juror Duties**

***Juror Attentiveness***

IT IS OBVIOUS THAT YOU HAVE FAITHFULLY DISCHARGED YOUR DUTY TO LISTEN CAREFULLY AND OBSERVE EACH WITNESS WHO TESTIFIED DURING TRIAL.

PLEASE CONTINUE TO GIVE ME THAT SAME CAREFUL ATTENTION NOW.

***Role of the Court***

MY DUTY IS TO INSTRUCT YOU ON THE LAW; YOURS IS TO FOLLOW THESE INSTRUCTIONS AND APPLY THEM TO THE FACTS AS YOU DETERMINE THEM. YOU MUST FOLLOW MY INSTRUCTIONS REGARDLESS OF YOUR OWN VIEWS OF WHAT THE LAW IS OR SHOULD BE, OR ANY ATTORNEY'S DIFFERING STATEMENT OF THE LAW. CONSIDER ALL INSTRUCTIONS TOGETHER, NOT ANY ONE IN ISOLATION.

***Jury to Disregard the Court's View***

I HAVE NO OPINION ON WHAT VERDICT YOU SHOULD REACH. IF ANYTHING I SAID OR DID APPEARED TO SUGGEST OTHERWISE, DISREGARD IT. ALSO PLEASE DO NOT CONCERN YOURSELVES WITH DISCUSSIONS I HAD WITH COUNSEL AT SIDEBAR.

***Role of the Jury***

YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS. IT IS YOUR DUTY TO DETERMINE THE WEIGHT OF THE EVIDENCE AND THE CREDIBILITY OF THE WITNESSES, AND YOU RESOLVE ANY CONFLICTS THAT THERE MAY BE IN THE

TESTIMONY. YOU DRAW WHATEVER REASONABLE INFERENCES YOU DECIDE FROM THE FACTS AS YOU HAVE DETERMINED THEM.

***Juror Oath***

YOU TOOK AN OATH TO REACH A FAIR AND IMPARTIAL VERDICT, WITHOUT PREJUDICE, SYMPATHY, OR FEAR, BASED SOLELY ON THE EVIDENCE AND THE LAW AS I INSTRUCT YOU.

***All Persons Equal Under the Law***

YOU MUST ALSO REMEMBER THAT ALL PARTIES ARE HERE EQUALLY BEFORE YOU TODAY. THE FACT THAT THE GOVERNMENT IS A PARTY AND THE PROSECUTION IS BROUGHT IN THE NAME OF THE UNITED STATES DOES NOT ENTITLE THE GOVERNMENT OR ITS WITNESSES TO ANY DIFFERENT CONSIDERATION THAN THE DEFENDANT.

***Improper Considerations***

YOU MUST NOT BE SWAYED BY SYMPATHY FOR EITHER PARTY, OR WHAT THE REACTION OF THE PARTIES OR THE PUBLIC TO YOUR VERDICT MAY BE. THIS MEANS THAT IF YOU HAVE A REASONABLE DOUBT AS TO THE DEFENDANT'S GUILT, YOU SHOULD NOT HESITATE TO ACQUIT HIM. BUT IF YOU FIND THAT THE GOVERNMENT HAS MET ITS BURDEN OF PROVING THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT, YOU SHOULD NOT HESITATE BECAUSE OF SYMPATHY OR ANY OTHER REASON TO FIND HIM GUILTY.

YOU MUST NOT BE INFLUENCED BY ANY FEELINGS YOU MIGHT HAVE ABOUT THE NATURE OF THE CRIMES CHARGED, OR BY ANY FEELINGS YOU MIGHT

HAVE ABOUT THE RACE, RELIGION, NATIONAL ORIGIN, GENDER, OR AGE OF THE PARTIES OR ANYONE PARTICIPATING IN THE TRIAL.

YOU MUST NOT BEAR ANY PREJUDICE AGAINST ANY ATTORNEY OR THEIR CLIENT BECAUSE THE ATTORNEY MADE AN OBJECTION, ASKED FOR A SIDEBAR OUT OF YOUR HEARING, OR ASKED ME FOR A RULING ON THE LAW. IF YOU FORMED OPINIONS OR REACTIONS OF ANY KIND TO THE LAWYERS IN THIS CASE, I INSTRUCT YOU TO DISREGARD THEM. THE PERSONALITIES AND CONDUCT OF COUNSEL ARE NOT IN ISSUE HERE.

YOU ALSO MUST NOT CONSIDER THE QUESTION OF THE DEFENDANT'S POSSIBLE PUNISHMENT. THE DUTY OF IMPOSING A SENTENCE RESTS EXCLUSIVELY WITH THE COURT AND YOU CANNOT ALLOW THAT CONSIDERATION TO ENTER YOUR DELIBERATIONS AT ANY POINT.

YOU ARE TO BE GUIDED SOLELY BY THE EVIDENCE AND THE QUESTION OF WHETHER THE GOVERNMENT HAS PROVEN THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT.

**Burden of Proof and Presumption of Innocence**

***Burden of Proof***

THE DEFENDANT HAS PLED "NOT GUILTY" TO THE INDICTMENT, AND AS A RESULT, THE BURDEN IS ON THE GOVERNMENT TO PROVE THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT. THIS BURDEN NEVER SHIFTS TO THE DEFENDANT BECAUSE THE LAW DOES NOT IMPOSE ON A CRIMINAL DEFENDANT ANY DUTY TO CALL OR CROSS-EXAMINE WITNESSES OR PRODUCE ANY EVIDENCE AT ALL.

**[*Defendant's Right Not to Testify*]**

BECAUSE IT IS THE GOVERNMENT'S BURDEN TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT, THE DEFENDANT ALSO HAD NO OBLIGATION TO TESTIFY DURING TRIAL. I REMIND YOU THAT A CRIMINAL DEFENDANT IS NEVER REQUIRED TO PROVE THAT HE IS INNOCENT.

YOU MAY NOT ATTACH ANY SIGNIFICANCE TO THE FACT THAT THE DEFENDANT DID NOT TESTIFY; NOR MAY YOU DRAW ANY ADVERSE INFERENCE AGAINST THE DEFENDANT BECAUSE HE DID NOT TAKE THE WITNESS STAND. YOU MAY NOT CONSIDER THIS DECISION AGAINST THE DEFENDANT IN ANY WAY.

**[*Defendant's Testimony*]**

IN A CRIMINAL CASE, A DEFENDANT HAS THE RIGHT TO ELECT NOT TO TESTIFY. HOWEVER, IF A DEFENDANT CHOOSES TO TESTIFY, HE IS, OF COURSE, PERMITTED TO TAKE THE WITNESS STAND IN HIS OWN BEHALF. IN THIS CASE, THE DEFENDANT JACOB ISRAEL WALDEN DECIDED TO TESTIFY. YOU SHOULD EXAMINE AND EVALUATE HIS TESTIMONY JUST AS YOU WOULD THE TESTIMONY OF ANY WITNESS.

***Presumption of Innocence***

THE LAW PRESUMES THAT THE DEFENDANT IS INNOCENT OF THE CHARGES AGAINST HIM. THIS PRESUMPTION OF INNOCENCE ALONE IS SUFFICIENT TO ACQUIT THE DEFENDANT. THE PRESUMPTION WAS WITH HIM WHEN THE TRIAL BEGAN, IT REMAINS WITH HIM NOW, AND IT WILL CONTINUE INTO YOUR DELIBERATIONS.

I THEREFORE INSTRUCT YOU THAT YOU MUST PRESUME THE DEFENDANT INNOCENT THROUGHOUT YOUR DELIBERATIONS UNLESS AND UNTIL YOU AS A JURY ARE SATISFIED THAT THE GOVERNMENT HAS MET ITS BURDEN TO PROVE THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT.

***Reasonable Doubt***

SO, WHAT IS A REASONABLE DOUBT? THE WORDS ALMOST DEFINE THEMSELVES: IT IS A DOUBT BASED ON REASON AND COMMON SENSE. IT IS A DOUBT THAT A REASONABLE PERSON HAS AFTER CAREFULLY WEIGHING ALL THE EVIDENCE. IT IS A DOUBT THAT WOULD CAUSE A REASONABLE PERSON TO HESITATE TO ACT IN A MATTER OF IMPORTANCE IN THEIR OWN PERSONAL LIFE. PROOF BEYOND A REASONABLE DOUBT MUST BE OF SUCH A CONVINCING CHARACTER THAT A REASONABLE PERSON WOULD NOT HESITATE TO RELY UPON IT IN MAKING AN IMPORTANT DECISION.

A REASONABLE DOUBT, THEREFORE, IS NOT AN IMPULSE OR WHIM; IT IS NOT A SPECULATION OR SUSPICION; IT IS NOT AN EXCUSE TO AVOID THE PERFORMANCE OF AN UNPLEASANT DUTY; AND IT IS NOT SYMPATHY FOR ANY PARTY.

REMEMBER THAT THE GOVERNMENT DOES NOT NEED TO PROVE GUILT BEYOND ALL POSSIBLE DOUBT: PROOF BEYOND A REASONABLE DOUBT IS SUFFICIENT TO CONVICT. SO, IF AFTER FAIR AND IMPARTIAL CONSIDERATION OF THE EVIDENCE, YOU ARE SATISFIED BEYOND A REASONABLE DOUBT OF THE DEFENDANT'S GUILT WITH RESPECT TO THE CHARGE AGAINST HIM, YOU SHOULD FIND THE DEFENDANT GUILTY OF THAT CHARGE. BUT IF AFTER YOUR

CONSIDERATION OF THE EVIDENCE YOU HAVE A REASONABLE DOUBT AS TO THE DEFENDANT'S GUILT WITH RESPECT TO THE CHARGE, YOU MUST FIND HIM NOT GUILTY OF THAT CHARGE.

***Number of Witnesses and Uncontradicted Testimony***

THE FACT THAT ONE PARTY CALLED MORE WITNESSES AND INTRODUCED MORE EVIDENCE THAN THE OTHER DOES NOT MEAN THAT YOU SHOULD NECESSARILY FIND THE FACTS IN FAVOR OF THE SIDE OFFERING THE MOST WITNESSES. BY THE SAME TOKEN, YOU DO NOT HAVE TO ACCEPT THE TESTIMONY OF ANY WITNESS WHO HAS NOT BEEN CONTRADICTED OR IMPEACHED, IF YOU FIND THE WITNESS NOT TO BE CREDIBLE. YOU ALSO HAVE TO DECIDE WHICH WITNESSES TO BELIEVE AND WHICH FACTS ARE TRUE. TO DO THIS YOU MUST LOOK AT ALL THE EVIDENCE, DRAWING UPON YOUR OWN COMMON SENSE AND PERSONAL EXPERIENCE. AFTER EXAMINING ALL THE EVIDENCE, YOU MAY DECIDE THAT THE PARTY CALLING THE MOST WITNESSES HAS NOT PERSUADED YOU BECAUSE YOU DO NOT BELIEVE ITS WITNESSES, OR BECAUSE YOU BELIEVE THE FEWER WITNESSES CALLED BY THE OTHER SIDE. ON THE OTHER HAND, IF YOU DO FIND THAT THE PARTY CALLING THE MOST WITNESSES WAS PERSUASIVE, YOU MAY DECIDE IN THEIR FAVOR.

IN A MOMENT, I WILL DISCUSS THE CRITERIA FOR EVALUATING EVIDENCE AND WITNESS CREDIBILITY; BUT FOR THE MOMENT, YOU SHOULD KEEP IN MIND THAT THE BURDEN OF PROOF IS ALWAYS ON THE GOVERNMENT, AND THE DEFENDANT IS NOT REQUIRED TO CALL ANY WITNESSES OR OFFER ANY EVIDENCE, SINCE HE IS PRESUMED TO BE INNOCENT.

**Evidence**

***Types of Evidence***

IN DETERMINING THE FACTS, IT IS YOUR OWN RECOLLECTION OF THE EVIDENCE THAT CONTROLS. YOU SHOULD CONSIDER THE EVIDENCE IN LIGHT OF YOUR OWN COMMON SENSE AND EXPERIENCE, AND YOU MAY DRAW REASONABLE INFERENCES FROM THE EVIDENCE.

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, THE EXHIBITS RECEIVED IN EVIDENCE, AND STIPULATIONS. LET ME EXPLAIN THESE TO YOU IN A LITTLE MORE DETAIL.

A STIPULATION IS AN AGREEMENT AMONG THE PARTIES THAT A CERTAIN FACT IS TRUE. YOU SHOULD REGARD SUCH AGREED FACTS AS TRUE.

A STIPULATION OF TESTIMONY IS AN AGREEMENT AMONG THE PARTIES THAT, IF CALLED, A WITNESS WOULD HAVE GIVEN CERTAIN TESTIMONY. YOU MUST ACCEPT AS TRUE THE FACT THAT THE WITNESS WOULD HAVE GIVEN THAT TESTIMONY IN COURT. BUT IT IS FOR YOU TO DETERMINE THE EFFECT TO BE GIVEN TO THAT TESTIMONY.

YOU MAY ONLY CONSIDER THE EXHIBITS THAT I HAVE RECEIVED INTO EVIDENCE. YOU MAY NOT CONSIDER EXHIBITS THAT HAVE BEEN MARKED FOR IDENTIFICATION BUT NOT RECEIVED INTO EVIDENCE.

SIMILARLY, YOU ARE TO DISREGARD ANY TESTIMONY THAT I HAVE ORDERED STRICKEN. AS I INDICATED BEFORE, ONLY THE WITNESSES' ANSWERS ARE EVIDENCE AND YOU ARE NOT TO CONSIDER A QUESTION AS EVIDENCE. YOU MUST ALSO REMEMBER THAT THE LAWYERS' STATEMENTS ARE NOT EVIDENCE.

ANYTHING YOU MAY HAVE SEEN OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

***Direct and Circumstantial Evidence***

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY PROPERLY USE: DIRECT AND CIRCUMSTANTIAL EVIDENCE. DIRECT EVIDENCE COMES FROM A WITNESS'S PERSONAL OBSERVATIONS OR THE CONTENTS OF A DOCUMENT, PHOTOGRAPH OR RECORDING. CIRCUMSTANTIAL EVIDENCE ESTABLISHES FACTS INDIRECTLY THROUGH OTHER FACTS. FOR EXAMPLE, WET UMBRELLAS AND RAINCOATS ENTERING A WINDOWLESS COURTROOM CONSTITUTE CIRCUMSTANTIAL EVIDENCE THAT COULD INDICATE THAT IT HAS BEEN RAINING OUTSIDE, EVEN WHEN WE LACK DIRECT VISUAL EVIDENCE OF THE RAIN FALLING.

CIRCUMSTANTIAL EVIDENCE PERMITS YOU TO EMPLOY YOUR REASON, EXPERIENCE, AND COMMON SENSE TO INFER WHETHER ANOTHER FACT EXISTS. IT IS NO LESS VALUABLE THAN DIRECT EVIDENCE. YOU ALONE DECIDE THE WEIGHT OF ALL EVIDENCE.

***Inferences***

AN INFERENCE IS NOT A SUSPICION OR A GUESS. IT IS A REASONED, LOGICAL DECISION TO CONCLUDE THAT A FACT EXISTS ON THE BASIS OF ANOTHER FACT THAT YOU KNOW EXISTS. IT IS A DEDUCTION OR CONCLUSION THAT YOU ARE PERMITTED – BUT NOT REQUIRED – TO DRAW FROM THE FACTS THAT HAVE BEEN PROVED BY DIRECT OR CIRCUMSTANTIAL EVIDENCE.

FOR EXAMPLE, IF YOU WATCH SOMEONE SAMPLING A NEW FOOD, EATING SOMETHING THEY NEVER HAD TRIED BEFORE, AND THEY MAKE A DISGUSTED FACE, THEN YOU MIGHT DRAW AN INFERENCE THAT THE PERSON DOESN'T LIKE THAT FOOD. IN THIS EXAMPLE, YOU'RE DRAWING THE INFERENCE THAT THE PERSON DOESN'T LIKE THE FOOD BASED ON THE FACT THAT YOU KNOW THEY MADE AN UNPLEASANT FACE WHEN SAMPLING IT.

THE LAWYERS HAVE ARGUED THAT YOU SHOULD OR SHOULD NOT MAKE DIFFERENT INFERENCES BASED ON THE EVIDENCE PRESENTED DURING TRIAL. REMEMBER THAT IT IS FOR YOU TO DECIDE WHICH INFERENCES YOU WILL OR WILL NOT DRAW.

I WILL REMIND YOU, HOWEVER, THAT WHETHER BASED ON DIRECT OR CIRCUMSTANTIAL EVIDENCE, OR UPON THE LOGICAL, REASONABLE INFERENCES THAT YOU DRAW FROM SUCH EVIDENCE, YOU MUST BE SATISFIED THAT THE GOVERNMENT HAS PROVED THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT BEFORE YOU MAY VOTE TO CONVICT.

***Charts and Summaries***

THE GOVERNMENT HAS PRESENTED EXHIBITS IN THE FORM OF CHARTS AND SUMMARIES. I ADMITTED THESE CHARTS AND SUMMARIES IN PLACE OF THE UNDERLYING DOCUMENTS THAT THEY REPRESENT IN ORDER TO SAVE TIME AND AVOID UNNECESSARY INCONVENIENCE. YOU SHOULD CONSIDER THESE CHARTS AND SUMMARIES AS YOU WOULD ANY OTHER EVIDENCE.

*Improper Considerations*

I JUST INSTRUCTED YOU ON WHAT YOU MAY PROPERLY CONSIDER AND FROM WHICH YOU MAY DRAW INFERENCES AS YOU SIFT THROUGH THE EVIDENCE. NOW I WILL INSTRUCT YOU ON WHAT YOU MAY NOT CONSIDER AS EVIDENCE.

THE OBJECTIONS THAT THE LAWYERS MADE DURING TRIAL ARE NOT EVIDENCE. TESTIMONY AND EXHIBITS CAN ONLY BE ADMITTED INTO EVIDENCE IF THEY MEET CERTAIN CRITERIA OR STANDARDS, SO IT IS THE LAWYERS' DUTY TO OBJECT WHEN THEY BELIEVE EVIDENCE IS NOT ADMISSIBLE. YOU SHOULD NOT BE INFLUENCED AGAINST A PARTY BECAUSE THEIR LAWYER MADE AN OBJECTION.

SIMILARLY, DO NOT ATTEMPT TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE. I AM SIMPLY RULING ON A LEGAL QUESTION REGARDING THAT TESTIMONY OR EXHIBIT.

*Law Enforcement Techniques*

ALTHOUGH THE GOVERNMENT BEARS THE BURDEN OF PROOF, AND ALTHOUGH A REASONABLE DOUBT CAN ARISE FROM A LACK OF EVIDENCE, I INSTRUCT YOU THAT THE LAW DOES NOT REQUIRE THAT ANY PARTICULAR INVESTIGATIVE TECHNIQUES BE USED BY LAW ENFORCEMENT AUTHORITIES TO UNCOVER OR PROSECUTE A CRIME. LAW ENFORCEMENT TECHNIQUES ARE NOT YOUR CONCERN. YOUR CONCERN IS TO DETERMINE WHETHER OR NOT, BASED UPON ALL THE EVIDENCE PRESENTED IN THE CASE, OR THE LACK OF EVIDENCE,

THE GOVERNMENT HAS PROVEN THAT THE DEFENDANT IS GUILTY BEYOND A REASONABLE DOUBT.

***Evidence Obtained Pursuant to Searches***

YOU HAVE HEARD TESTIMONY ABOUT EVIDENCE SEIZED FROM SEARCHES OF SOCIAL MEDIA ACCOUNTS AND FROM OTHER LOCATIONS. EVIDENCE OBTAINED FROM THE SEARCHES WAS PROPERLY ADMITTED IN THIS CASE AND MAY BE CONSIDERED BY YOU. WHETHER YOU APPROVE OR DISAPPROVE OF HOW IT WAS OBTAINED SHOULD NOT ENTER INTO YOUR DELIBERATIONS BECAUSE I NOW INSTRUCT YOU THAT THE GOVERNMENT'S USE OF THIS EVIDENCE IS ENTIRELY LAWFUL.

YOU MUST, THEREFORE, REGARDLESS OF YOUR PERSONAL OPINIONS, GIVE THIS EVIDENCE FULL CONSIDERATION ALONG WITH ALL THE OTHER EVIDENCE IN THE CASE IN DETERMINING WHETHER THE GOVERNMENT HAS PROVED THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT.

***Evidence or Witnesses Not Presented but Equally Available***

THE LAW DOES NOT REQUIRE ANY PARTY TO PRESENT ALL AVAILABLE EVIDENCE OR CALL AS WITNESSES EVERYONE WHO WAS PRESENT AT ANY TIME OR PLACE, OR WHO MIGHT HAVE KNOWLEDGE OF THE MATTERS AT ISSUE. THE LAW ALSO DOES NOT REQUIRE ANY PARTY TO PRODUCE AS EXHIBITS ALL PAPERS AND OBJECTS MENTIONED DURING TRIAL. BUT EACH PARTY HAD AN EQUAL OPPORTUNITY OR LACK OF OPPORTUNITY TO CALL THOSE WITNESSES OR INTRODUCE THAT EVIDENCE.

YOUR CONCERN IS TO DETERMINE – BASED UPON THE EVIDENCE THAT HAS BEEN PRESENTED – WHETHER THE GOVERNMENT HAS MET ITS BURDEN TO PROVE THAT THE DEFENDANT IS GUILTY BEYOND A REASONABLE DOUBT. YOU SHOULD NOT BE CONCERNED WITH WHOM OR WHAT THE PARTIES DID NOT PRESENT DURING TRIAL. THAT BEING SAID, YOU MUST ALWAYS REMEMBER THAT THE LAW DOES NOT IMPOSE ON A CRIMINAL DEFENDANT THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE.

**Witnesses**

***Witness Credibility***

IT IS ALSO YOUR DUTY AS JURORS TO DETERMINE THE CREDIBILITY OF THE WITNESSES AND THE IMPORTANCE OF THEIR TESTIMONY. YOU MUST DECIDE WHERE THE TRUTH LIES, WHICH WILL REQUIRE YOU TO JUDGE THE TESTIMONY YOU LISTENED TO AND OBSERVED. YOU SHOULD CAREFULLY SCRUTINIZE THE TESTIMONY, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS TESTIFIED, AND ANY OTHER MATTER IN EVIDENCE THAT MAY HELP YOU DECIDE THE TRUTH OF AND THE WEIGHT TO ASSIGN THEIR TESTIMONY.

YOUR DECISION WHETHER TO BELIEVE A WITNESS MAY DEPEND ON HOW THE WITNESS IMPRESSED YOU. WAS THE WITNESS CANDID AND FRANK? OR DID IT SEEM AS IF THE WITNESS WAS HIDING SOMETHING, BEING EVASIVE, OR SUSPECT IN SOME WAY? HOW DID THE TESTIMONY ON DIRECT EXAMINATION COMPARE WITH CROSS-EXAMINATION? WAS THE WITNESS'S TESTIMONY CONSISTENT OR INCONSISTENT? DID IT APPEAR THAT THE WITNESS KNEW WHAT

HE OR SHE WAS TALKING ABOUT? DID THE WITNESS STRIKE YOU AS SOMEONE WHO WAS TRYING TO REPORT THEIR KNOWLEDGE ACCURATELY?

HOW MUCH YOU CHOOSE TO BELIEVE A WITNESS MAY ALSO BE INFLUENCED BY THEIR BIAS. DOES THE WITNESS HAVE A RELATIONSHIP WITH THE GOVERNMENT OR THE DEFENDANT THAT MAY AFFECT HOW THE WITNESS TESTIFIED? DOES THE WITNESS HAVE SOME INCENTIVE, LOYALTY, OR MOTIVE THAT MIGHT CAUSE THE WITNESS TO SHADE THE TRUTH? OR DOES THE WITNESS HAVE SOME BIAS, PREJUDICE, OR HOSTILITY THAT MAY HAVE CAUSED THE WITNESS, CONSCIOUSLY OR NOT, TO GIVE YOU SOMETHING OTHER THAN A COMPLETELY ACCURATE ACCOUNT OF THE FACTS? EVIDENCE THAT A WITNESS MAY BE BIASED TOWARDS ONE OF THE PARTIES REQUIRES YOU TO VIEW THAT WITNESS'S TESTIMONY WITH CAUTION, TO WEIGH IT WITH GREAT CARE, AND TO SUBJECT IT TO CLOSE SCRUTINY.

IN OTHER WORDS, WHAT YOU MUST TRY TO DO IN DECIDING CREDIBILITY IS TO SIZE UP A PERSON JUST AS YOU WOULD IN ANY IMPORTANT MATTER WHEN YOU ARE TRYING TO DECIDE IF A PERSON IS TRUTHFUL, STRAIGHTFORWARD, AND ACCURATE IN THEIR RECOLLECTION.

HOW MUCH YOU BELIEVE A WITNESS MAY ALSO BE INFLUENCED BY ANY INTEREST THAT THE WITNESS MAY HAVE IN THE OUTCOME OF THE CASE. THAT INTEREST MAY CREATE A MOTIVE TO TESTIFY FALSELY TO ADVANCE THAT WITNESS'S OWN PERSONAL OR PROFESSIONAL INTERESTS. THIS IS NOT TO SUGGEST THAT EVERY WITNESS WHO HAS AN INTEREST IN THE OUTCOME OF THE

CASE WILL TESTIFY FALSELY. IT IS FOR YOU TO DECIDE TO WHAT EXTENT, IF AT ALL, A WITNESS'S INTEREST HAS AFFECTED OR COLORED THEIR TESTIMONY.

EVIDENCE THAT A WITNESS IS BIASED, PREJUDICED OR HOSTILE TOWARD THE DEFENDANT REQUIRES YOU TO VIEW THAT WITNESS'S TESTIMONY WITH CAUTION, TO WEIGH IT WITH CARE AND SUBJECT IT TO CLOSE AND SEARCHING SCRUTINY.

YOU SHOULD CONSIDER WHETHER THE WITNESS HAD AN OPPORTUNITY TO OBSERVE THE FACTS TESTIFIED ABOUT, AS WELL AS THE WITNESS'S DEMEANOR AND ABILITY TO COMMUNICATE EFFECTIVELY. ASK YOURSELVES WHETHER A WITNESS'S RECOLLECTION OF THE FACTS STANDS UP IN LIGHT OF THE REST OF THE EVIDENCE. YOU SHOULD BE GUIDED BY YOUR COMMON SENSE, YOUR GOOD JUDGMENT, AND YOUR EXPERIENCE.

***Discrepancies in Testimony and Prior Inconsistent Statements***

YOU HAVE HEARD EVIDENCE OF DISCREPANCIES BETWEEN WITNESSES' TESTIMONY AND OF PRIOR STATEMENTS ALLEGEDLY INCONSISTENT WITH TRIAL TESTIMONY. COUNSEL HAS URGED YOU TO REJECT SOME OR ALL OF THAT TESTIMONY.

DISCREPANCIES OR INCONSISTENCIES MAY JUSTIFY DISBELIEVING A WITNESS BUT DO NOT REQUIRE REJECTING THEIR TESTIMONY ENTIRELY. WITNESSES MAY PERCEIVE THINGS DIFFERENTLY, FORGET DETAILS, MISREMEMBER INNOCENTLY, BECOME NERVOUS, OR CONTRADICT THEMSELVES DESPITE BEING TRUTHFUL.

YOU MUST DECIDE WHAT WEIGHT, IF ANY, TO GIVE THE AFFECTED TESTIMONY, CONSIDERING THE IMPORTANCE OF THE DISCREPANCY AND WHETHER IT RESULTED FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD. IF YOU FIND A WITNESS HAS INTENTIONALLY TESTIFIED FALSELY AS TO A MATERIAL FACT, YOU HAVE THE RIGHT TO DISREGARD THAT WITNESS'S ENTIRE TESTIMONY.

BASED ON YOUR OVERALL IMPRESSION OF EACH WITNESS, USE YOUR COMMON SENSE AND GOOD JUDGMENT TO DETERMINE HOW TO WEIGH ANY DISCREPANCIES OR INCONSISTENCIES.

***Law Enforcement Witnesses***

YOU HEARD TESTIMONY FROM A WITNESSES WHO WORKS FOR THE GOVERNMENT. THE FACT THAT A WITNESS IS EMPLOYED BY THE GOVERNMENT DOES NOT MEAN THAT HIS TESTIMONY IS DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

YOU SHOULD CONSIDER LAW ENFORCEMENT TESTIMONY JUST LIKE ANY OTHER EVIDENCE IN THE CASE AND EVALUATE ITS CREDIBILITY LIKE YOU WOULD FOR ANY OTHER WITNESS.

***Anonymous Witness Testimony***

THE COURT HAS DECIDED THAT CERTAIN WITNESSES CAN TESTIFY AND BE IDENTIFIED IN OPEN COURT BY FIRST NAME ONLY. ALLOWING A WITNESS TO TESTIFY BY FIRST NAME ONLY IN COURT IS SIMPLY MEANT TO PROTECT THAT WITNESS’S PRIVACY. YOU SHOULD NOT MAKE ANY INFERENCES AS TO THE

DEFENDANT'S GUILT OR NON-GUILT FROM THE FACT THAT CERTAIN FULL NAMES ARE BEING WITHHELD FROM THE PUBLIC.

***Interviewing Witnesses***

YOU ALSO HEARD TESTIMONY THAT THE LAWYERS INTERVIEWED THEIR WITNESSES WHEN PREPARING FOR AND DURING THE TRIAL. YOU SHOULD NOT DRAW ANY UNFAVORABLE INFERENCE FROM THAT TESTIMONY. THE ATTORNEYS WERE OBLIGATED TO PREPARE THIS CASE AS THOROUGHLY AS POSSIBLE, AND ONE WAY TO ACCOMPLISH THAT IS TO PROPERLY INTERVIEW WITNESSES BEFORE THE TRIAL AND AS NECESSARY THROUGHOUT THE COURSE OF TRIAL.

***Knowledge and Intent***

NEXT, I AM GOING TO INSTRUCT YOU ON THE LEGAL CONCEPTS OF KNOWLEDGE AND INTENT, WHICH ARE IMPLICATED BY EACH COUNT IN THE INDICTMENT.

AS A GENERAL RULE, THE LAW HOLDS PERSONS ACCOUNTABLE ONLY FOR CONDUCT THEY INTENTIONALLY ENGAGE IN. THUS, BEFORE YOU CAN FIND A DEFENDANT GUILTY, YOU MUST BE SATISFIED THAT THE DEFENDANT WAS ACTING KNOWINGLY AND INTENTIONALLY.

A PERSON ACTS "KNOWINGLY" WHEN HE ACTS INTENTIONALLY AND VOLUNTARILY, AND NOT BECAUSE OF IGNORANCE, MISTAKE, ACCIDENT, OR CARELESSNESS. WHETHER A DEFENDANT ACTED KNOWINGLY MAY BE PROVEN BY HIS WORDS AND CONDUCT AND BY ALL OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

A PERSON ACTS "INTENTIONALLY" WHEN HE ACTS DELIBERATELY AND PURPOSEFULLY. THAT IS, A DEFENDANT'S ACTS MUST HAVE BEEN THE PRODUCT OF HIS CONSCIOUS, OBJECTIVE DECISION RATHER THAN THE PRODUCT OF A MISTAKE OR AN ACCIDENT.

TO ACT "KNOWINGLY" OR "INTENTIONALLY," THE PERSON NEED NOT BE AWARE OF THE SPECIFIC LAW OR RULE THAT HIS CONDUCT MAY VIOLATE, BUT HE MUST ACT WITH THE SPECIFIC INTENT TO DO WHATEVER IT IS THE LAW FORBIDS. THESE ISSUES OF KNOWLEDGE AND INTENT REQUIRE YOU TO MAKE A DETERMINATION ABOUT THE DEFENDANT'S STATE OF MIND, SOMETHING THAT RARELY CAN BE PROVEN DIRECTLY. A WISE AND CAREFUL CONSIDERATION OF ALL THE CIRCUMSTANCES OF THE CASE MAY, HOWEVER, PERMIT YOU TO MAKE SUCH A DETERMINATION AS TO THE STATE OF MIND OF THE DEFENDANT. INDEED, IN YOUR EVERYDAY AFFAIRS YOU FREQUENTLY ARE CALLED UPON TO DETERMINE A PERSON'S STATE OF MIND FROM HIS OR HER WORDS AND ACTIONS IN A GIVEN CIRCUMSTANCE. YOU ARE ASKED TO DO THE SAME HERE.

***Venue***

AS PART OF ITS CASE, THE GOVERNMENT MUST ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT ONE OR MORE ACTS OCCURRED IN THE EASTERN DISTRICT OF NEW YORK. I INSTRUCT YOU THAT THE EASTERN DISTRICT OF NEW YORK ENCOMPASSES THE BOROUGHS OF BROOKLYN, QUEENS, AND STATEN ISLAND, AS WELL AS NASSAU AND SUFFOLK COUNTIES ON LONG ISLAND.

WHAT DOES A PREPONDERANCE OF THE EVIDENCE MEAN? TO ESTABLISH A FACT BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE THAT

SOMETHING IS MORE LIKELY TRUE THAN NOT TRUE. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE THAT, WHEN CONSIDERED AND COMPARED WITH THE EVIDENCE OPPOSED TO IT, HAS MORE CONVINCING FORCE AND PRODUCES IN YOUR MIND THE BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY SO THAN NOT SO. A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE. IT REFERS TO THE QUALITY AND PERSUASIVENESS OF THE EVIDENCE, NOT THE NUMBER OF WITNESSES OR DOCUMENTS PRODUCED BY EITHER PARTY.

THAT MEANS THAT FOR THE GOVERNMENT TO PREVAIL ON THIS QUESTION OF VENUE, THE EVIDENCE THAT SUPPORTS VENUE MUST APPEAL TO YOU AS MORE NEARLY REPRESENTING THE TRUTH THAN THE EVIDENCE OPPOSED IT. IF IT DOES NOT, OR IF IT WEIGHS SO EVENLY THAT YOU ARE UNABLE TO SAY THAT THERE IS A PREPONDERANCE ON EITHER SIDE, THEN YOU MUST DECIDE THE QUESTION IN FAVOR OF THE DEFENDANT. IT IS ONLY IF THE EVIDENCE FAVORING THE GOVERNMENT ON THE LIMITED QUESTION OF VENUE OUTWEIGHS THE EVIDENCE OPPOSING IT THAT YOU CAN FIND IN FAVOR OF THE GOVERNMENT. IF THE GOVERNMENT FAILS TO ESTABLISH VENUE BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST FIND THE DEFENDANT NOT GUILTY.

**PART II: SUBSTANTIVE INSTRUCTIONS**

I WILL NOW GIVE YOU THE SECOND PART OF MY INSTRUCTIONS, WHICH WILL INVOLVE THE LEGAL ELEMENTS OF THE CRIMES CHARGED IN THIS CASE.

***The Indictment***

THE DEFENDANT JACOB ISRAEL WALDEN IS FORMALLY CHARGED IN A SUPERSEDING INDICTMENT, WHICH I WILL SIMPLY CALL THE INDICTMENT. AS I INSTRUCTED YOU AT THE BEGINNING OF THIS CASE, AN INDICTMENT IS A CHARGE OR ACCUSATION. THE INDICTMENT IN THIS CASE CONTAINS EIGHT COUNTS CURRENTLY BEFORE YOU FOR CONSIDERATION. EACH COUNT IS A SEPARATE OFFENSE OR CRIME. YOU MUST CONSIDER EACH COUNT SEPARATELY, AND YOU WILL BE CALLED UPON TO RENDER A SEPARATE VERDICT ON EACH COUNT. EACH OF COUNTS ONE, TWO, THREE, AND FOUR CHARGE THE DEFENDANT WITH USING FOUR MINORS (BRIANNA, SAMANTHA, MORENA, LUCIA) FOR THE PURPOSE OF CREATING CHILD PORNOGRAPHY. COUNT FIVE CHARGES THE DEFENDANT WITH RECEIPT OF CHILD PORNOGRAPHY. COUNT SIX CHARGES THE DEFENDANT WITH POSSESSION OF CHILD PORNOGRAPHY. COUNTS SEVEN AND EIGHT CHARGE THE DEFENDANT WITH ACCESS WITH INTENT TO VIEW CHILD PORNOGRAPHY. THE DEFENDANT HAS PLEADED NOT GUILTY TO ALL EIGHT COUNTS.

THERE ARE TWO OTHER POINTS I WANT TO MAKE ABOUT THE INDICTMENT. IN ALLEGING DATES, THE INDICTMENT CHARGES "IN OR ABOUT," "ON OR ABOUT," OR "BETWEEN" CERTAIN DATES. THE PROOF NEED NOT ESTABLISH WITH CERTAINTY THE EXACT DATE OF AN ALLEGED OFFENSE. IT IS SUFFICIENT IF THE

EVIDENCE ESTABLISHES BEYOND A REASONABLE DOUBT THAT AN OFFENSE WAS COMMITTED ON A DATE REASONABLY NEAR THE DATE ALLEGED.

YOU WILL ALSO SEE THAT THE INDICTMENT USES THE WORD “AND” WHERE MY INSTRUCTIONS WILL USE THE WORD “OR.” THIS IS A RESULT OF HOW THE GOVERNMENT FORMALIZES ITS CHARGES, AND IT IS NOT A STATEMENT OF THE LAW. WHERE MY INSTRUCTIONS USE THE WORD “OR,” THAT “OR” IS CONTROLLING OVER ANY OTHER CONTRADICTORY PHRASING IN THE INDICTMENT.

***Counts***

NOW I WILL INSTRUCT YOU ON THE SPECIFIC COUNTS CHARGED IN THE INDICTMENT.

**Counts One, Two, Three, and Four: Sexual Exploitation of a Child**

EACH OF COUNTS ONE, TWO, THREE, AND FOUR ALLEGE THAT THE DEFENDANT USED A MINOR FOR THE PURPOSE OF CREATING CHILD PORNOGRAPHY.

SPECIFICALLY, THOSE COUNTS IN THE INDICTMENT READ AS FOLLOWS:

> In or about and between [the dates set forth below], [all] dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JACOB ISRAEL WALDEN did employ, use, persuade, induce, entice and coerce [] minor[s], [as set forth below], [] whose [identities are] known to the Grand Jury, to engage in sexually explicit conduct, and knowingly and intentionally attempt to do so, for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

| Count | Dates | Minor |
|---|---|---|
| One | August 2023 and October 2023 | Brianna |
| Two | August 2023 and October 2023 | Samantha |
| Three | December 2023 and April 2024 | Morena |
| Four | February 2024 and April 2024 | Lucia |

EACH COUNT CHARGES THE DEFENDANT WITH VIOLATING SECTION 2251(a) OF TITLE 18 OF THE UNITED STATES CODE. THAT SECTION PROVIDES, IN RELEVANT PART, THAT:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct …, shall be [guilty of a crime], if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce . . . including by computer . . .

IN ORDER TO PROVE THE DEFENDANT'S GUILT, THE GOVERNMENT MUST PROVE THE FOLLOWING THREE ELEMENTS AS TO EACH COUNT:

FIRST, THAT THE VICTIM WAS UNDER THE AGE OF 18;

SECOND, THAT THE DEFENDANT USED, EMPLOYED, PERSUADED, INDUCED, ENTICED OR COERCED THE VICTIM TO TAKE PART IN SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING OR TRANSMITTING A VISUAL DEPICTION OF THAT CONDUCT; AND

THIRD, THAT THE VISUAL DEPICTION WAS ACTUALLY TRANSPORTED OR TRANSMITTED IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE, OR THAT DEFENDANT KNEW OR HAD REASON TO KNOW THAT THE VISUAL DEPICTION WOULD BE TRANSPORTED OR TRANSMITTED IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE.

AS TO THE FIRST ELEMENT, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE VICTIM WAS YOUNGER THAN 18 YEARS OLD AT THE TIME OF THE ACTS ALLEGED IN THE INDICTMENT. THE GOVERNMENT DOES NOT NEED TO PROVE THAT THE DEFENDANT KNEW THAT THE VICTIM WAS YOUNGER THAN 18 YEARS OLD.

AS TO THE SECOND ELEMENT, THE WORDS "PERSUADE," "INDUCE" AND "ENTICE" ARE, IN EFFECT, SYNONYMS THAT CONVEY THE IDEA OF LEADING OR MOVING ANOTHER PERSON, BY PERSUASION OR INFLUENCE, TO SOME ACTION, STATE OF MIND, ETC., OR TO BRING ABOUT, PRODUCE OR CAUSE. THE WORD "COERCE" MEANS TO COMPEL BY FORCE, INTIMIDATION, OR AUTHORITY, WITHOUT REGARD FOR INDIVIDUAL DESIRE OR VOLITION. OTHERWISE, I INSTRUCT YOU THAT THE WORDS "USED," "EMPLOYED," "PERSUADED," "INDUCED," "ENTICED" AND "COERCED" ARE WORDS OF COMMON USAGE, AND I INSTRUCT YOU TO INTERPRET THESE WORDS BY USING YOUR OWN COMMON SENSE. THE GOVERNMENT MUST PROVE ONLY THAT THE DEFENDANT TOOK ONE OF THOSE ACTIONS AND NOT THAT THE DEFENDANT DID EACH AND ALL OF THESE THINGS. PUT ANOTHER WAY, IF YOU FIND THAT THE DEFENDANT "USED," OR "EMPLOYED," OR "PERSUADED," OR "INDUCED," "ENTICED" OR "COERCED" A MINOR, ANY ONE OF THOSE TERMS IS SUFFICIENT TO SATISFY THIS ELEMENT OF THE CRIME. HOWEVER, YOU ALL MUST AGREE ON THE ACTION THAT THE DEFENDANT TOOK – IN OTHER WORDS, YOU ALL MUST ALL AGREE ON AT LEAST ONE OF THESE ACTIONS – THAT IS THAT HE "USED," OR "EMPLOYED," OR "PERSUADED," OR "INDUCED," "ENTICED" OR "COERCED" A MINOR. TO SATISFY THIS ELEMENT, THE GOVERNMENT MUST PROVE THAT AT LEAST ONE OF THE IMAGES IN QUESTION WAS CREATED AFTER AND BECAUSE THE DEFENDANT SOUGHT ITS PRODUCTION. TO BE CLEAR, YOU MUST ALL AGREE THAT THE SAME IMAGE OR IMAGES WERE CREATED IN THIS FASHION.

WHETHER OR NOT A MINOR CONSENTED TO ENGAGE IN SEXUALLY-EXPLICIT CONDUCT IS IRRELEVANT, AS THE CONSENT OR VOLUNTARY PARTICIPATION OF A MINOR IS NOT A DEFENSE TO THE CHARGE.

A "VISUAL DEPICTION" INCLUDES ANY PHOTOGRAPH, VIDEO, DATA STORED ON COMPUTER DISC OR BY ELECTRONIC MEANS THAT IS CAPABLE OF CONVERSION INTO A VISUAL IMAGE THAT HAS BEEN TRANSMITTED BY ANY MEANS. A VISUAL DEPICTION INCLUDES A DIGITALLY RECORDED PHOTOGRAPH OR VIDEO.

"SEXUALLY EXPLICIT CONDUCT" INCLUDES GENITAL OR ORAL SEX, MASTURBATION, OR LASCIVIOUS EXHIBITION OF THE GENITALS OR PUBIC AREA OF ANY PERSON. THE GOVERNMENT DOES NOT HAVE TO PROVE THE IDENTITY OF THE MINOR OR THE EXACT AGE OF THE MINOR. YOU MAY CONSIDER ALL OF THE EVIDENCE IN DETERMINING WHETHER THE DEPICTION PORTRAYED AN ACTUAL PERSON UNDER THE AGE OF 18 ENGAGING IN SEXUALLY EXPLICIT CONDUCT.

THE TERM "LASCIVIOUS EXHIBITION" MEANS A DEPICTION THAT DISPLAYS THE GENITALS OR PUBIC AREA OF A PERSON UNDER THE AGE OF 18 IN ORDER TO EXCITE LUSTFULNESS OR SEXUAL STIMULATION IN THE VIEWER. NOT EVERY EXPOSURE OF THE GENITALS OR PUBIC AREA CONSTITUTES LASCIVIOUS EXHIBITION. IN DECIDING WHETHER A PARTICULAR VISUAL DEPICTION CONSTITUTES A LASCIVIOUS EXHIBITION, YOU SHOULD CONSIDER THE FOLLOWING QUESTIONS: WHETHER THE FOCAL POINT OF THE VISUAL DEPICTION IS OF THE MINOR'S GENITALS OR PUBIC AREA, OR WHETHER THERE

IS SOME OTHER FOCAL AREA; WHETHER THE SETTING OF THE VISUAL DEPICTIONS MAKES IT APPEAR TO BE SEXUALLY SUGGESTIVE, FOR EXAMPLE, IN A PLACE OR POSE GENERALLY ASSOCIATED WITH SEXUAL ACTIVITY; WHETHER THE MINOR IS DISPLAYED IN AN UNNATURAL POSE OR IN INAPPROPRIATE ATTIRE, CONSIDERING THE AGE OF THE MINOR; WHETHER THE MINOR IS FULLY OR PARTIALLY CLOTHED OR NUDE, ALTHOUGH NUDITY IS NOT IN AND OF ITSELF LASCIVIOUS; WHETHER THE VISUAL DEPICTION SUGGESTS SEXUAL COYNESS OR A WILLINGNESS TO ENGAGE IN SEXUAL ACTIVITY; AND WHETHER THE VISUAL DEPICTION WAS INTENDED OR DESIGNED TO ELICIT A SEXUAL RESPONSE FROM THE VIEWER.

IN ORDER FOR A VISUAL DEPICTION TO BE LASCIVIOUS, ALL THESE FACTORS NEED NOT BE PRESENT, AND THE LIST OF FACTORS IS NOT MANDATORY, EXCLUSIVE OR EXHAUSTIVE.  INSTEAD, YOU MUST DETERMINE WHETHER THE VISUAL DEPICTION IS LASCIVIOUS BASED ON ITS OVERALL CONTENT, TAKING INTO ACCOUNT THE AGE OF THE MINOR.  IT IS FOR YOU TO DECIDE THE WEIGHT OR LACK OF WEIGHT TO BE GIVEN TO THESE OR ANY OTHER FACTORS YOU FIND RELEVANT.

THE SECOND ELEMENT FURTHER REQUIRES THAT THE DEFENDANT CAUSED A MINOR TO ENGAGE IN SEXUALLY EXPLICIT *CONDUCT* "FOR THE PURPOSE OF PRODUCING OR TRANSMITTING A VISUAL DEPICTION."  HERE, THE GOVERNMENT NEED NOT ESTABLISH THAT THE CREATION OF A VISUAL DEPICTION – MEANING A PHOTOGRAPH OR VIDEO – WAS THE SOLE PURPOSE BEHIND THE ACT.  RATHER, THE GOVERNMENT MUST PROVE THAT THE

CREATION OF THE VISUAL DEPICTION WAS “ONE OF THE DOMINANT MOTIVES” FOR THE ILLEGAL SEXUAL ACTIVITY.

AS TO THE THIRD ELEMENT OF COUNTS ONE, TWO, THREE, AND FOUR, THE GOVERNMENT MAY SATISFY ITS BURDEN BY PROVING BEYOND A REASONABLE DOUBT THAT THE VISUAL DEPICTION WAS ACTUALLY TRANSPORTED OR TRANSMITTED IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE. TRANSMISSIONS OF PHOTOGRAPHS OR VIDEOS BY MEANS OF THE INTERNET CONSTITUTES TRANSPORTATION IN INTERSTATE COMMERCE. THEREFORE, I INSTRUCT YOU THAT IF YOU FIND THAT THE IMAGES AND VIDEOS IN QUESTION WERE TRANSMITTED VIA THE INTERNET, THAT IS SUFFICIENT TO SATISFY THIS ELEMENT.

**Count 5: Receipt of Child Pornography**

COUNT FIVE OF THE INDICTMENT CHARGES THE DEFENDANT WITH RECEIPT OF CHILD PORNOGRAPHY.

SPECIFICALLY, THAT COUNT READS AS FOLLOWS:

> On or about January 2, 2024, within the Eastern District of New York and elsewhere, the defendant JACOB ISRAEL WALDEN did knowingly and intentionally receive one or more visual depictions, to wit: the digital videos and images in links ending in [the six serial numbers contained in the chart below] using a means and facility of interstate and foreign commerce, and which visual depictions had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

| **Serial Numbers** |
| --- |
| #iH4d50GOKYWGlz6HiBrtYA |
| #_ykfsETyniPMSgJGUVprCw |
| #_Pljl ROF3yT4_dQY17AAg |
| #3c4ecf6LT3gqHqPKBrhzyA |
| #lBEiQLac7IVXc87EsclozQ |
| #G7F2X7sWx3hlOGJk |

COUNT FIVE OF THE INDICTMENT CHARGES THE DEFENDANT WITH VIOLATING SECTION 2252(A)(2) OF TITLE 18 OF THE UNITED STATES CODE. THAT SECTION PROVIDES, IN RELEVANT PART:

> Any person who knowingly receives . . . any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if -- (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct [shall be guilty of a crime].

IN ORDER TO PROVE THE DEFENDANT GUILTY OF RECEIVING CHILD PORNOGRAPHY, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING FOUR ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THAT THE DEFENDANT KNOWINGLY RECEIVED A VISUAL DEPICTION;

SECOND, THAT THE VISUAL DEPICTION WAS RECEIVED USING A MEANS OR FACILITY OF INTERSTATE OR FOREIGN COMMERCE IN OR IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE;

THIRD, THAT THE PRODUCTION OF THE VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND PORTRAYED THAT MINOR ENGAGED IN THAT CONDUCT; AND

FOURTH, THAT THE DEFENDANT KNEW THAT THE PRODUCTION OF THE VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND THE VISUAL DEPICTION PORTRAYED A MINOR ENGAGED IN THAT CONDUCT.

AS TO THE FIRST ELEMENT OF RECEIPT OF CHILD PORNOGRAPHY, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNOWINGLY RECEIVED A VISUAL DEPICTION. AN ACT IS DONE KNOWINGLY WHEN IT IS DONE VOLUNTARILY AND INTENTIONALLY AND NOT BECAUSE OF ACCIDENT, MISTAKE OR SOME OTHER INNOCENT REASON.

YOU HAVE ALREADY BEEN INSTRUCTED ON THE MEANING OF THE TERM "VISUAL DEPICTION." TO RECEIVE A VISUAL DEPICTION MEANS TO TAKE POSSESSION OF IT. THIS INCLUDES THE KNOWING ACCEPTANCE OF A DEPICTION PREVIOUSLY REQUESTED. RECEIVING INCLUDES THE KNOWING DOWNLOADING, STREAMING, OR VIEWING OF AN IMAGE OR VIDEO BY MEANS OF THE INTERNET.

AS TO THE SECOND ELEMENT OF RECEIPT OF CHILD PORNOGRAPHY, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE VISUAL DEPICTION WAS RECEIVED USING A MEANS OR FACILITY OF INTERSTATE OR FOREIGN COMMERCE. AS BEFORE, I INSTRUCT YOU THAT THE INTERNET IS A FACILITY OF INTERSTATE AND FOREIGN COMMERCE. HOWEVER, YOU MUST

FIND BEYOND A REASONABLE DOUBT THAT THE SPECIFIC DEPICTION IN QUESTION WAS ACTUALLY TRANSMITTED BY MEANS OF THE INTERNET.

AS TO THE THIRD ELEMENT OF RECEIPT OF CHILD PORNOGRAPHY, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE PRODUCTION OF THE VISUAL DEPICTION INVOLVED THE USE OF AN ACTUAL OR REAL MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND PORTRAY THAT MINOR ENGAGED IN THAT CONDUCT.

A “MINOR” IS DEFINED AS A REAL PERSON UNDER THE AGE OF EIGHTEEN. THE GOVERNMENT DOES NOT HAVE TO PROVE THE IDENTITY OF THE MINOR OR THE EXACT AGE OF THE MINOR.  YOU MAY CONSIDER ALL THE EVIDENCE, INCLUDING THE TETIMONY AND YOUR VIEWING OF THE DEPICTION, IN DETERMINING WHETHER THE DEPICTION PORTRAYED AN ACTUAL PERSON UNDER THE AGE OF EIGHTEEN ENGAGING IN SEXUALLY EXPLICIT CONDUCT.

I REITERATE THAT THE GOVERNMENT DOES NOT HAVE TO PROVE THE IDENTITY OF THE MINOR OR THE EXACT AGE OF THE MINOR.

AS TO THE FOURTH ELEMENT OF RECEIPT OF CHILD PORNOGRAPHY, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNEW BOTH THAT THE PRODUCTION OF THE VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND THAT IT PORTRAYED A MINOR ENGAGED IN THAT CONDUCT.

AS I STATED BEFORE, AN ACT IS DONE KNOWINGLY WHEN IT IS DONE VOLUNTARILY AND INTENTIONALLY AND NOT BECAUSE OF ACCIDENT, MISTAKE OR SOME OTHER INNOCENT REASON.

IN THIS CASE, THE TERM "KNOWINGLY" REFERS TO AN AWARENESS OF THE SEXUALLY EXPLICIT NATURE OF THE MATERIAL, AND TO THE KNOWLEDGE THAT THE VISUAL DEPICTIONS WERE IN FACT OF ACTUAL MINORS ENGAGED IN THAT SEXUALLY EXPLICIT CONDUCT.

THE GOVERNMENT MUST SHOW THAT THE DEFENDANT HAD KNOWLEDGE OF THE GENERAL NATURE OF THE CONTENTS OF THE MATERIAL. THE DEFENDANT NEED NOT HAVE SPECIFIC KNOWLEDGE AS TO THE IDENTITY OR ACTUAL AGE OF THE MINOR DEPICTED, BUT THE DEFENDANT MUST HAVE KNOWLEDGE OR AN AWARENESS THAT THE MATERIAL CONTAINED A VISUAL DEPICTION OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT. SUCH KNOWLEDGE MAY BE SHOWN BY DIRECT OR CIRCUMSTANTIAL EVIDENCE, OR BOTH. EYEWITNESS TESTIMONY OF THE DEFENDANT'S VIEWING OF THE MATERIAL IS NOT NECESSARY TO PROVE HIS AWARENESS OF ITS CONTENTS; THE CIRCUMSTANCES MAY WARRANT AN INFERENCE THAT HE WAS AWARE OF WHAT THE MATERIAL DEPICTS. FURTHERMORE, THE DEFENDANT'S BELIEF AS TO THE LEGALITY OR ILLEGALITY OF THE MATERIAL IS IRRELEVANT.

**Count Six: Possession of Child Pornography**

COUNT SIX OF THE INDICTMENT CHARGES THE DEFENDANT WITH POSSESSION OF CHILD PORNOGRAPHY.

SPECIFICALLY, THAT COUNT READS AS FOLLOWS:

> On or about April 21, 2024, within the Eastern District of New York and elsewhere, the defendant JACOB ISRAEL WALDEN did knowingly and intentionally possess matter which contained one or more visual depictions, to wit: digital videos and images stored on an Apple iPhone with serial number L6H09G3NHR, that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and

foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

COUNT SIX CHARGES THE DEFENDANT WITH VIOLATING SECTION 2252(a)(4)(B) OF TITLE 18 OF THE UNITED STATES CODE. THAT SECTION PROVIDES, IN RELEVANT PART:

> Any person who knowingly possesses . . . one or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct [shall be guilty of a crime].

IN ORDER TO PROVE THAT THE DEFENDANT POSSESSED CHILD PORNOGRAPHY, IT IS NECESSARY THAT THE EVIDENCE ESTABLISH BEYOND A REASONABLE DOUBT:

FIRST, THAT THE DEFENDANT KNOWINGLY POSSESSED MATTER CONTAINING ONE OR MORE VISUAL DEPICTIONS;

SECOND, THAT THE VISUAL DEPICTION HAD BEEN TRANSPORTED USING ANY MEANS OR FACILITY OF INTERSTATE OR FOREIGN COMMERCE OR IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE, OR THE VISUAL DEPICTION WAS PRODUCED USING MATERIALS THAT HAD BEEN TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE;

THIRD, THAT THE PRODUCTION OF THE VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND PORTRAYED THAT MINOR ENGAGED IN THAT CONDUCT; AND

FOURTH, THAT THE DEFENDANT KNEW THAT THE PRODUCTION OF THE VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND THE VISUAL DEPICTION PORTRAYED A MINOR ENGAGED IN THAT CONDUCT.

THE FIRST ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNOWINGLY POSSESSED MATTER CONTAINING ONE OR MORE VISUAL DEPICTIONS. AN ACT IS DONE KNOWINGLY WHEN IT IS DONE VOLUNTARILY AND INTENTIONALLY AND NOT BECAUSE OF ACCIDENT, MISTAKE OR SOME OTHER INNOCENT REASON.

TO "POSSESS" SOMETHING MEANS TO HAVE IT WITHIN A PERSON'S CONTROL. THIS DOES NOT NECESSARILY MEAN THAT THE PERSON MUST HOLD IT PHYSICALLY, THAT IS HAVE ACTUAL POSSESSION OF IT. AS LONG AS THE VISUAL DEPICTION IS WITHIN THE DEFENDANT'S CONTROL, HE POSSESSES IT. IF YOU FIND THAT THE DEFENDANT EITHER HAD ACTUAL POSSESSION OF THE DEPICTION, OR THAT HE HAD THE POWER AND INTENTION TO EXERCISE CONTROL OVER IT, EVEN THOUGH IT WAS NOT IN HIS PHYSICAL POSSESSION, YOU MAY FIND THAT THE GOVERNMENT HAS PROVEN POSSESSION. THUS, FOR EXAMPLE, IF YOU FIND THAT THE DEFENDANT HAD THE POWER AND INTENTION TO EXERCISE CONTROL OVER CHILD PORNOGRAPHY LOCATED AT AN INTERNET

LINK TO WHICH HE WAS PROVIDED ACCESS, YOU MAY FIND THAT THE GOVERNMENT HAS PROVEN POSSESSION.

THE LAW ALSO RECOGNIZES THAT POSSESSION MAY BE SOLE OR JOINT. IF ONE PERSON ALONE POSSESSES IT, THAT IS SOLE POSSESSION. HOWEVER, IT IS POSSIBLE THAT MORE THAN ONE PERSON MAY HAVE THE POWER AND INTENTION TO EXERCISE CONTROL OVER THE VISUAL DEPICTION. THIS IS CALLED JOINT POSSESSION. IF YOU FIND THAT THE DEFENDANT HAD SUCH POWER AND INTENTION, THEN HE POSSESSED THE DEPICTION EVEN IF HE POSSESSED IT JOINTLY WITH ANOTHER PERSON. THUS, FOR EXAMPLE, IF YOU FIND THAT THE DEFENDANT HAD THE POWER AND INTENTION TO EXERCISE CONTROL OVER CHILD PORNOGRAPHY LOCATED AT AN INTERNET LINK TO WHICH HE WAS PROVIDED ACCESS, BUT THAT OTHERS ALSO HAD ACCESS TO, YOU MAY FIND THAT THE DEFENDANT POSSESSED IT JOINTLY WITH ANOTHER PERSON.

THE SECOND ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE VISUAL DEPICTION HAD BEEN TRANSPORTED USING ANY MEANS OR FACILITY OF INTERSTATE OR FOREIGN COMMERCE. AS I HAVE ALREADY INSTRUCTED YOU, THE INTERNET IS A FACILITY OF INTERSTATE AND FOREIGN COMMERCE. HOWEVER, YOU MUST FIND BEYOND A REASONABLE DOUBT THAT THE SPECIFIC DEPICTION IN QUESTION WAS ACTUALLY TRANSMITTED BY MEANS OF THE INTERNET.

THE THIRD ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE PRODUCTION OF THE VISUAL DEPICTIONS

INVOLVED THE USE OF AN ACTUAL OR REAL MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AS I HAVE ALREADY EXPLAINED THOSE TERMS TO YOU, AND PORTRAYED THAT MINOR ENGAGED IN THAT CONDUCT.

THE FOURTH ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNEW BOTH THAT THE PRODUCTION OF THE VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND THAT IT PORTRAYED A MINOR ENGAGED IN THAT CONDUCT.

AS I STATED BEFORE, AN ACT IS DONE KNOWINGLY WHEN IT IS DONE VOLUNTARILY AND INTENTIONALLY AND NOT BECAUSE OF ACCIDENT, MISTAKE OR SOME OTHER INNOCENT REASON. IN THIS CASE, THE TERM “KNOWINGLY” REFERS TO AN AWARENESS OF THE SEXUALLY EXPLICIT NATURE OF THE MATERIAL, AND TO THE KNOWLEDGE THAT THE VISUAL DEPICTIONS WERE IN FACT OF ACTUAL MINORS ENGAGED IN THAT SEXUALLY EXPLICIT CONDUCT.

THE GOVERNMENT MUST SHOW THAT THE DEFENDANT HAD KNOWLEDGE OF THE GENERAL NATURE OF THE CONTENTS OF THE MATERIAL. THE DEFENDANT NEED NOT HAVE SPECIFIC KNOWLEDGE AS TO THE IDENTITY OR ACTUAL AGE OF THE UNDERAGE VICTIM, BUT THE DEFENDANT MUST HAVE KNOWLEDGE OR AN AWARENESS THAT THE MATERIAL CONTAINED A VISUAL DEPICTION OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT. SUCH KNOWLEDGE MAY BE SHOWN BY DIRECT OR CIRCUMSTANTIAL EVIDENCE, OR BOTH. EYEWITNESS TESTIMONY OF THE DEFENDANT’S VIEWING OF THE

MATERIAL IS NOT NECESSARY TO PROVE HIS AWARENESS OF ITS CONTENTS; THE CIRCUMSTANCES MAY WARRANT AN INFERENCE THAT HE WAS AWARE OF WHAT THE MATERIAL DEPICTS. FURTHERMORE, THE DEFENDANT'S BELIEF AS TO THE LEGALITY OR ILLEGALITY OF THE MATERIAL IS IRRELEVANT.

**Counts Seven and Eight: Access with Intent to View Child Pornography**

COUNTS SEVEN AND EIGHT ALLEGE THAT THE DEFENDANT ACCESSED, WITH THE INTENT TO VIEW, CHILD PORNOGRAPHY.

SPECIFICALLY, COUNTS SEVEN AND EIGHT READ AS FOLLOWS:

> In or about and between [the following dates], both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JACOB ISRAEL WALDEN did knowingly and intentionally access with intent to view matter which contained one or more visual depictions, to wit: digital videos and images in Mega account[s,] [as identified below], that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

| Count | Dates | Mega Accounts |
|---|---|---|
| Seven | January 2024 and April 2024 | 27G-EMG3BJG |
| Eight | December 2023 and January 2024 | VSGG2HJXH0 |

TO PROVE THE CRIMES CHARGED IN COUNTS SEVEN AND EIGHT, THE GOVERNMENT MUST ESTABLISH EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THE DEFENDANT, USING THE MEGA ACCOUNTS, KNOWINGLY ACCESSED ONE OR MORE VISUAL DEPICTIONS;

SECOND, THE VISUAL DEPICTION(S) HAD BEEN TRANSPORTED USING ANY MEANS OR FACILITY OF INTERSTATE OR FOREIGN COMMERCE, OR IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE;

THIRD, THE PRODUCTION OF THE VISUAL DEPICTION(S) INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND PORTRAYED THAT MINOR ENGAGED IN THAT CONDUCT; AND

FOURTH, THE DEFENDANT KNEW THAT THE PRODUCTION OF THE VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND PORTRAYED A MINOR ENGAGED IN THAT CONDUCT.

THE FIRST ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNOWINGLY ACCESSED ONE OR MORE VISUAL DEPICTIONS AND DID SO WITH THE SPECIFIC INTENT TO VIEW THEM.

TO “ACCESS” MEANS TO USE, ENTER, OPEN, OR LOAD A VISUAL DEPICTION, IN THIS CASE WITH THE MEGA ACCOUNTS. FURTHER, THE GOVERNMENT MUST PROVE THAT THIS ACCESS WAS CONDUCTED “WITH THE INTENT TO VIEW.” THAT REQUIRES THE GOVERNMENT TO DEMONSTRATE THAT THE DEFENDANT NOT ONLY ACCESSED THESE VISUAL DEPICTIONS BUT DID SO DELIBERATELY AND PURPOSEFULLY TO VIEW THEM. THAT IS, THE DEFENDANT’S ACCESSING OF THE VISUAL DEPICTIONS MUST HAVE BEEN THE PRODUCT OF HIS CONSCIOUS OBJECTIVE TO VIEW THEM RATHER THAN THE PRODUCT OF A MISTAKE OR ACCIDENT.

THE SECOND ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE VISUAL DEPICTION WAS ACTUALLY TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE. TRANSMISSION OF PHOTOGRAPHS OR VIDEO BY MEANS OF THE INTERNET CONSTITUTES TRANSPORTATION IN (OR AFFECTING) INTERSTATE COMMERCE. HOWEVER, YOU MUST FIND BEYOND A REASONABLE DOUBT THAT THE SPECIFIC DEPICTION IN QUESTION WAS ACTUALLY TRANSMITTED BY MEANS OF THE INTERNET.

THE THIRD ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE PRODUCTION OF THE VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AS DEFINED FOR YOU IN THE PREVIOUS SECTION, AND PORTRAYS THAT MINOR ENGAGED IN THAT CONDUCT.

THE VISUAL DEPICTION MUST BE OF A REAL PERSON UNDER THE AGE OF EIGHTEEN ENGAGING IN SEXUALLY EXPLICIT CONDUCT. THE GOVERNMENT DOES NOT HAVE TO PROVE THE IDENTITY OF THE MINOR OR THE EXACT AGE OF THE MINOR. YOU MAY CONSIDER ALL OF THE EVIDENCE AND TESTIMONY IN DETERMINING WHETHER THE DEPICTION PORTRAYED AN ACTUAL PERSON UNDER THE AGE OF EIGHTEEN ENGAGING IN SEXUALLY EXPLICIT CONDUCT.

THE FOURTH ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNEW BOTH THAT THE PRODUCTION OF THE VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT AND THAT IT PORTRAYED A MINOR ENGAGED IN THAT CONDUCT.

AS I STATED BEFORE, AN ACT IS DONE KNOWINGLY WHEN IT IS DONE VOLUNTARILY AND INTENTIONALLY AND NOT BECAUSE OF ACCIDENT, MISTAKE, OR SOME OTHER INNOCENT REASON.

IN THIS CASE, THE TERM "KNOWINGLY" REFERS TO AN AWARENESS OF THE SEXUALLY EXPLICIT NATURE OF THE MATERIAL, AND TO THE KNOWLEDGE THAT THE VISUAL DEPICTIONS WERE IN FACT OF ACTUAL MINORS ENGAGED IN THAT SEXUALLY EXPLICIT CONDUCT.

THE GOVERNMENT MUST PROVE THAT THE DEFENDANT HAD KNOWLEDGE OF THE GENERAL NATURE OF THE CONTENTS OF THE MATERIAL AND THAT HE HAD KNOWLEDGE OR AN AWARENESS THAT THE MATERIAL CONTAINED A VISUAL DEPICTION OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT.

## PART III: GENERAL REMARKS ABOUT DELIBERATIONS

***Selecting a Foreperson and Communications with the Court***

NOW THAT I HAVE INSTRUCTED YOU ON THE LAW AND THE PROCESS BY WHICH YOU SHOULD WEIGH THE EVIDENCE AND DETERMINE THE FACTS, I WILL GIVE YOU SOME GUIDANCE FOR YOUR DELIBERATIONS.

THE FIRST THING YOU MUST DO IS SELECT A FOREPERSON, WHO WILL SIGN ALL COMMUNICATIONS TO THE COURT USING THEIR JUROR NUMBER (AND NOT THEIR NAME) AND HAND THEM TO KAREN FOR ME TO READ. ONCE I READ YOUR NOTE, I WILL HAVE YOU RETURN TO THE COURTROOM, SO WE CAN SPEAK IN PERSON. NO MEMBER OF THE JURY SHOULD ATTEMPT TO COMMUNICATE WITH ME OR WITH ANY COURT PERSONNEL BY ANY MEANS OTHER THAN A SIGNED WRITING FROM THE FOREPERSON.

AND YOU SHOULD NOT TELL ME OR ANYONE ELSE HOW THE JURY STANDS NUMERICALLY ON THE ISSUE OF THE DEFENDANTS' GUILT, EVEN IN OPEN COURT, UNTIL AFTER A UNANIMOUS VERDICT IS REACHED.

***Right to See Exhibits and Hear Testimony***

YOU WILL HAVE MOST OF THE EXHIBITS WITH YOU IN THE JURY ROOM. IF YOU WANT TO SEE ANY EXHIBITS THAT ARE NOT IN THE JURY ROOM, YOU MAY REQUEST THEM IN WRITING. WE CAN ALSO HAVE PORTIONS OF THE TRIAL TESTIMONY READ BACK TO YOU. PLEASE BE AS SPECIFIC AS POSSIBLE WHEN YOU MAKE YOUR REQUEST. TELL US WHO THE WITNESS IS AND WHAT TOPIC YOU NEED TO HEAR, SO THAT IT IS EASIER AND FASTER FOR US TO FIND. IN THE ALTERNATIVE, WE MAY BE ABLE TO PROVIDE A TRANSCRIPT OF THE TRIAL FOR YOU TO USE.

*Duty to Consult and Need for Unanimity*

THE PURPOSE OF JURY DELIBERATIONS IS TO DISCUSS AND CONSIDER THE EVIDENCE; TO LISTEN TO THE ARGUMENTS OF FELLOW JURORS; TO PRESENT YOUR INDIVIDUAL VIEWS; TO CONSULT WITH ONE ANOTHER; AND TO REACH AN AGREEMENT BASED ON THE EVIDENCE PRESENTED – IF YOU CAN DO SO. YOU SHOULD NOT HESITATE TO CHANGE YOUR OPINION IF, AFTER DISCUSSION WITH YOUR FELLOW JURORS, YOUR OPINION SEEMS WRONG. IF, HOWEVER, AFTER YOU HAVE CAREFULLY CONSIDERED ALL THE EVIDENCE AND THE ARGUMENTS OF YOUR FELLOW JURORS, YOU ENTERTAIN A CONSCIENTIOUS VIEW THAT DIFFERS FROM THE OTHERS, YOU ARE NOT TO YIELD YOUR STRONGLY HELD BELIEF SIMPLY BECAUSE YOU ARE OUTNUMBERED. YOUR FINAL VOTE MUST REFLECT YOUR CONSCIENTIOUS JUDGMENT AS TO HOW THE ISSUES SHOULD BE DECIDED.

YOUR JOB IS TO REACH A FAIR CONCLUSION FROM THE LAW AND THE EVIDENCE. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, AFTER YOU CONSIDER THE EVIDENCE WITH YOUR FELLOW JURORS. IF THE GOVERNMENT SUCCEEDS IN MEETING ITS BURDEN OF PROOF BEYOND A REASONABLE DOUBT, YOUR VERDICT SHOULD BE GUILTY; IF THE GOVERNMENT FAILS TO MEET ITS BURDEN, YOUR VERDICT SHOULD BE NOT GUILTY.

EITHER WAY, YOUR VERDICT MUST BE UNANIMOUS. ALL OF YOU MUST REACH THE SAME CONCLUSION AS TO EACH CHARGE ALTHOUGH YOU CAN REACH A UNANIMOUS VERDICT OF NOT GUILTY ON ANY OR ALL CHARGES.

***Reaching a Verdict***

WHEN YOU HAVE REACHED A UNANIMOUS VERDICT, PLEASE SEND A NOTE SIGNED BY THE FOREPERSON THAT YOU HAVE REACHED A VERDICT. DO NOT INDICATE IN THE NOTE WHAT THE VERDICT IS.

YOU WILL ALSO HAVE A VERDICT SHEET IN THE JURY ROOM. BENEATH EACH COUNT IS A SPACE MARKED GUILTY OR NOT GUILTY. YOUR VERDICT AS TO THE COUNT MUST BE RECORDED ON THE VERDICT SHEET. AFTER THE VERDICT SHEET IS COMPLETED, THE FOREPERSON SHOULD SIGN WITH THEIR JUROR NUMBER (AND NOT THEIR NAME) AND DATE IT AND RETURN IT TO KAREN.

***Final Comments***

REMEMBER THAT THE PARTIES AND THE COURT ARE RELYING ON YOU TO GIVE FULL AND CONSCIENTIOUS DELIBERATION AND CONSIDERATION TO THE ISSUES AND EVIDENCE BEFORE YOU. YOUR OATH SUMS UP YOUR DUTY, AND THAT IS: WITHOUT FEAR OR FAVOR, YOU WILL TRULY TRY THE ISSUES BETWEEN THESE PARTIES ACCORDING TO THE EVIDENCE GIVEN TO YOU IN COURT AND THE LAWS OF THE UNITED STATES.