November 11, 2026

The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

Re: *United States v. Jacob Israel Walden*, 24 Cr. 521 (GRB)

Dear Judge Brown:

We write regarding the proposed jury instruction for counts one through four charging sexual exploitation of a child under 18 U.S.C. § 2251(a). As part of its draft charge, this Court included the following language concerning the statutory element that the defendant's conduct be for the purpose of producing or transmitting a visual depiction:

> THE SECOND ELEMENT FURTHER REQUIRES THAT THE DEFENDANT CAUSED A MINOR TO ENGAGE IN SEXUALLY EXPLICIT *CONDUCT* "FOR THE PURPOSE OF PRODUCING OR TRANSMITTING A VISUAL DEPICTION." HERE, THE GOVERNMENT NEED NOT ESTABLISH THAT THE CREATION OF A VISUAL DEPICTION – MEANING A PHOTOGRAPH OR VIDEO – WAS THE SOLE PURPOSE BEHIND THE ACT. RATHER, THE GOVERNMENT MUST PROVE THAT CREATION OF THE VISUAL DEPICTION WAS "ONE OF THE DOMINANT MOTIVES" FOR THE ILLEGAL SEXUAL ACTIVITY.

(Dkt. 128: Draft Jury Charge at 27–28.)

We believe the draft charge is inconsistent with the text of the statute and that it waters down or dilutes the language actually used by Congress. Accordingly, we respectfully request that this Court add "<u>and not merely incidental to the conduct</u>" to the last sentence so that it reads as follows:

> RATHER, THE GOVERNMENT MUST PROVE THAT CREATION OF THE VISUAL DEPICTION WAS "ONE OF THE DOMINANT MOTIVES" FOR THE ILLEGAL SEXUAL ACTIVITY AND NOT MERELY INCIDENTAL TO THE CONDUCT.

Two considerations support this request. First, it is based on the Fourth Circuit's decision in *United States v. McCauley*, 983 F.3d 690, 695 (4th Cir. 2020), where the Court noted that "the language '*the* purpose' requires that the filming be at the very least a significant purpose in the sexual conduct itself, not merely incidental." *See also United States v. Sanders*, 107 F.4th 234, 260 (4th Cir. 2024) ("It is this distinction—between a 'significant' purpose and a 'merely incidental'

purpose—that is critical."); *United States v. Hoover*, 95 F.4th 763, 774–75 (4th Cir. 2024) (finding the district court "adequately informed the jury of the controlling principles governing 18 U.S.C. § 2251(a) offenses" when it instructed the jury as follows: "The government must prove that producing a visual depiction of the sexually explicit conduct was one of the defendant's purposes for using, employing, persuading, enticing, or coercing the victim to engage in sexually explicit conduct and that it was a significant or motivating purpose and was not merely incidental to the sexually explicit conduct"); *United States v. Hewlett*, No. 21-4364, 2023 WL 3116769, at *1 (4th Cir. Apr. 27, 2023) ("Thus, the Government must prove that creating a visual depiction is more than 'merely incidental' to other, more important purposes.").

Similarly, in addressing the interstate transportation aspect of 18 U.S.C. § 2251(a), the Second Circuit ruled that "a jury may find a violation of § 2251(a) so long as the evidence shows that illegal sexual activity for the production of visual depictions of that activity was one of the dominant motives for the interstate transportation of the minors, and **not merely an incident** of the transportation." *United States v. Sirois*, 87 F.3d 34, 39 (2d Cir. 1996) (emphasis added). Just like the Second Circuit included this additional language in the interstate transportation aspect of 18 U.S.C. § 2251(a), this Court should also include it in the visual depiction aspect of the same statute.

Second, we believe the proposed language is based upon, and more consistent with, the statute as written by Congress. We respectfully submit that, absent this additional language, the Court's proposed jury instruction is vague and overbroad without any sensible guardrails. Instead, by contrasting the phrase "one of the dominant motives" (which is sufficient to find guilt under the jury instruction) with "not merely incidental to the conduct" (which is insufficient to find guilty under the jury instruction), the Court is giving the jury the tools it needs to properly weigh the defendant's purpose in creating the visual depiction. Moreover, as noted, the additional language is far more consistent with the statutory language. Congress specifically chose not to qualify the term "purpose" with the phrase "one of the dominant." Certainly, if Congress wanted the statute to read that way, it could have drafted it that way. But, it did not. To the extent the courts have decided to expand the language of the statute and have diluted its intended meaning, it should not be without limitation. By adding the phrase "not merely incidental to the conduct," this Court will balance the instruction so that it is consistent with the language of the statute.

Respectfully submitted,

Marc Agnifilo
Jacob Kaplan

cc: Gov't Counsel (via ECF)